[Civ. No. 2256.   First Appellate District.—December 18, 1917.]

## JAMES H. CREELY, Respondent, v. E. G. COHEN, Appellant.

ATTORNEY AND CLIENT—SERVICES IN DIFFERENT CAPACITIES—RIGHT OF RECOVERY.—An attorney at law may in an action for professional services also recover compensation for services rendered in the capacity of an attorney in fact.

ID.—ORDER REDUCING VERDICT—ABSENCE OF COUNSEL—LACK OF PREJUDICE.—A defendant cannot be heard to complain of an order reducing the amount of the plaintiff's judgment made upon the day and hour to which the matter of the motion for a new trial had been regularly continued and set for decision, because his counsel was not present at the time.

ID.—REDUCTION OF VERDICT—POWER OF TRIAL COURT.—The judge of the trial court has the power to reduce the verdict of the jury to an amount justified by the evidence.

ID.—DEFENDANT NOT PREJUDICED.—A defendant cannot complain of the action of the trial court in reducing the amount of a verdict against him.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial.   T. W. Harris, Judge.

The facts are stated in the opinion of the court.

Jordan & Brann, for Appellant.

George E. De Golia, for Respondent.

LENNON, P. J.—This is an action in which the plaintiff sought to recover from the defendant $10,569.66 for personal services alleged to have been rendered by him to said defendant in several capacities during a series of years.

The complaint is in three counts, the first count averring an indebtedness amounting to $7,190 for the plaintiff's professional services as an attorney at law; the second count averring an indebtedness of $3,325.66 as a balance due for services in the nature of those performed by an attorney in fact in connection with the management, superintendence, and conduct of several properties of the defendant during the years from 1910 to 1914, inclusive; the third account for

services and fees as a notary public aggregating the sum of $54. The answer put in issue all of the averments of the complaint, and also presented a plea of the statute of limitations as a bar to each and every item in the plaintiff's several counts. The trial was had before a jury, which returned a general verdict in the plaintiff's favor for the sum of $8,900, for which sum judgment was entered. The defendant moved for a new trial, which came on regularly to be heard, and upon the hearing of which the court made an order determining that the amount of the verdict and judgment should be reduced to $8,130, and providing that if the plaintiff should consent to reduction, the motion for a new trial would be denied. The plaintiff duly filed his consent to such reduction of his judgment, and from such modified judgment and from the order denying her motion for a new trial the defendant prosecutes this appeal.

Upon the trial of the cause and upon this appeal the defendant has not disputed the reasonableness of the several charges for professional services alleged and proven to have been rendered by the plaintiff to the defendant under the first count in the complaint, but denies that such professional services were rendered to or on behalf of the plaintiff in a number of the cases and legal matters for which the plaintiff seeks to hold the defendant liable; and the defendant also at the trial sought and upon this appeal seeks to have the aggregate amount of the plaintiff's recovery upon his first alleged cause of action reduced by showing that as to all professional services rendered prior to the eleventh day of November, 1910, the bar of the statute of limitations applies; second, that as to a number of specified cases the plaintiff at the trial waived any claim for fees; and third, that in certain other cases the services for which the plaintiff claimed fees were not rendered to or on behalf of the defendant.

As to the second count the defendant contends that the plaintiff is seeking to recover as an attorney at law for services which are not in the nature of professional services, which it is urged he cannot do; and further contends that the plaintiff was never employed to perform any of the services for which he seeks to recover in his second count, and that if any such services were performed, they were either for other persons than the defendant or were voluntary and without expectation or agreement as to compensation.

As to the third count for notarial services and fees, the defendant merely seeks to minimize their amount.

Finally, the appellant claims that the action of the trial court in reducing the amount of the plaintiff's judgment on motion for a new trial was an unauthorized action on its part, undertaken in the absence of the defendant and for which no cause is shown or basis of computation given, and which was therefore prejudicial.

Taking up these several contentions of the appellant in their order, we find that it is true that as to the plaintiff's alleged legal services rendered prior to November 11, 1910, the plea of the statute of limitations applies; but we also find from an examination of the record that the plaintiff at the trial and in open court and in the presence of the jury expressly waived all compensation for services in lawsuits which were completed prior to November 11, 1910; and we further find that the plaintiff at the same time and place also expressly waived all claim for compensation for legal services rendered in certain specified cases aggregating the sum of $460, and that the plaintiff also then and there waived all compensation for services other than as an attorney at law rendered prior to November 11, 1910, and embraced in his second alleged cause of action; and that he also waived in the same manner all notary fees in excess of $21. But after taking into account these express admissions and waivers on the plaintiff's part, and deducting their aggregate from the plaintiff's claim under his several causes of action, we find from a somewhat careful and detailed review of the evidence that the plaintiff sufficiently made out a case for the recovery of an amount totaling $6,355, upon his first cause of action; as to the first objection which the appellant aims at the plaintiff's right to recover any sum at all upon his second cause of action, we find no merit in it, for the reason that it is apparent upon the face of the plaintiff's complaint and from his testimony in support thereof that he is not seeking to recover by his second account for services rendered in the capacity of an attorney at law, but rather as an attorney in fact; and since he has sufficiently shown that he rendered the services in question, it cannot be successfully maintained that the fact that the plaintiff is an attorney at law would debar him from a recovery for the reasonable value of services of the character of those detailed in his testimony.

The only contention of appellant having any semblance of merit with regard to the plaintiff's second alleged cause of action is that as to much of said services they were unauthorized by the defendant, and in a number of instances were performed for the apparent benefit of other persons than the defendant; but in this regard we think the evidence sufficiently shows that these services were performed in the main at the instance and request of W. G. Cohen, a son of the defendant, who was acting throughout the entire period of plaintiff's alleged service as her general agent and attorney in fact, having full authority to engage and direct the plaintiff in the performance of the services in question; and that whatever was done from time to time by the plaintiff under the said W. G. Cohen's direction was done for and on behalf of the defendant and for which she would be responsible to the extent of their reasonable value under such direction. The plaintiff and his witnesses testified that these miscellaneous services were reasonably worth the sum of four thousand dollars. In his complaint and upon the trial the plaintiff admitted credits aggregating $2,186, leaving a balance due upon his second cause of action of $1,814; and this sum, with $21 testified as due for notary fees, added to the sum of $6,355 due upon the plaintiff's first cause of action, would amount to a total of $8,190, for which sum we think upon a fair review of the evidence he would have been entitled to a verdict. The jury actually rendered its verdict in plaintiff's favor for the sum of eight thousand nine hundred dollars; and it was this verdict which the court upon motion for a new trial undertook to reduce to the proper amount by requiring the plaintiff to remit from his judgment all in excess of $8,130. The defendant complains that this action was taken by the trial court in the absence of her counsel; and further contends that the court had no power to thus reduce the amount of the original award.

Neither of these contentions has any merit. The court's order reducing the amount of the plaintiff's judgment was made upon the day and hour to which the matter of the motion for a new trial had been regularly continued and set for decision; and if the defendant's counsel did not see fit to be present, she cannot be heard to complain of the court's action in their absence. As to the power of the judge of the trial court over the verdict of the jury in the way of reducing such

verdict to an amount justified by the evidence, such power is too well established in this state to require even the citation of authority. Besides, the defendant cannot complain of the action of the trial court in reducing the amount of its liability.

The defendant urges certain alleged errors of law committed by the court during the trial of the cause. Some of these are covered by what has heretofore been said; and as to the others we deem them of insufficient merit to warrant their separate consideration or to justify a reversal of the case.

Judgment and order affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 14, 1918.