Argued at Pendleton October 29, modified November 20, rehearing denied December 18, 1928.

H. H. WEATHERSPOON v. KARL J. STACKLAND.

(271 Pac. 741.)

For appellant there was a brief and oral argument by *Mr. J. S. Hodgin.*

For respondent there was a brief over the name of *Mr. E. R. Ringo,* with an oral argument by *Mr. L. Denham.*

BELT, J.—This is an action to recover balance alleged to be due on the sale and delivery to defendant of two cars of apples. Judgment was demanded for $1,757.70 together with interest thereon at the rate of 6 per cent per annum from the twentieth day of November, 1927. The answer, so far as

material to the consideration of the question presented on this appeal, put in issue the amount alleged by plaintiff to be due. In addition to three separate counterclaims for damages arising out of shipment of apples, defendant also alleged a payment of $1,000 which plaintiff failed to include in his complaint. The plaintiff, in his reply, admitted the payment of $1,000, but denied all other affirmative matter alleged by defendant.

The cause was submitted to a jury and a verdict returned in favor of plaintiff "in the sum of $1,757.70 and interest." This verdict was received by the court and the jury discharged. On the following day the defendant moved to set aside the verdict and for an order granting a new trial. It was his contention then, as now, that the verdict was contrary to the instructions of the court and the undisputed evidence in the case. With the consent of the plaintiff, the trial court reduced the amount of the verdict to $757.70 and eliminated interest. Judgment was entered accordingly. Hence this appeal.

■ Did the trial court err in thus amending the verdict of the jury? From the verdict rendered it is evident that the jury intended to reject in their entirety the counterclaims of defendant, as plaintiff was awarded the full amount demanded in the complaint. Defendant was unquestionably entitled to credit for his payment of $1,000. The finding of the jury as to amount due was contrary to the instructions of the court and the admission of payment in the reply. To avoid a new trial plaintiff consented to the reduction as made by the court. Such reduction and the elimination of interest benefited the defendant and he is in no position to complain: *Creely* v. *Cohen,* 35 Cal. App. 642 (170 Pac. 643);

*Federspiel* v. *Johnstone,* 87 Mich. 303 (49 N. W. 581);
*Salter* v. *Jennings Furniture Co.,* 144 Miss. 194 (109
South. 704); 38 Cyc. 1904.

Counsel for defendant relies on *Fiore* v. *Ladd,*
29 Or. 528 (46 Pac. 144), wherein the court said:

"When, therefore, a verdict has been returned by
a jury which expresses their intention, and they have
been discharged, the court is powerless to amend
it, however erroneous it may be. It must either
enter a judgment thereon, or set it aside and grant
a new trial."

In that case, on motion of plaintiff therein, the
court included interest in its judgment, although
the jury made no such finding. There the defend-
ant was injured and had a right to complain. Here
the defendant is benefited and ought not to be heard.
The distinction is vital. The language of the court
in the Fiore case must be read in the light of the
record which the court had under consideration.

■ We are unable to agree that the excessive award
made by the jury indicates passion or prejudice. If
the record so indicated the trial court would have
had no alternative but would have been compelled
to grant a new trial: *Adcock* v. *Oregon R. R. Co.,*
45 Or. 173 (77 Pac. 78). We are more inclined to
think that the finding of the jury was the result of
inadvertence and honest mistake.

■ It is also urged, and properly so, that, aside
from the payment of $1,000, the defendant, in view
of the undisputed testimony, was entitled to a credit
of $57.35. This sum represents the difference be-
tween the contract price of certain apples included
in the shipments as alleged in the complaint and
that shown by plaintiff's testimony. It was alleged
in the complaint that 309 boxes of Fancy Delicious

apples were sold at $2.35 per box and 110 boxes "C" Grade Delicious apples at $2.00 per box, whereas the testimony of the plaintiff was that the apples were contracted to be sold at $2.20 per box and $1.90 per box respectively. It does not follow, however, that, because the trial court failed to make this reduction, the cause should be reversed. Article VII, Section 3c, of the Constitution of Oregon provides:

" * * if, in any respect, the judgment appealed from should be changed, and the supreme court shall be of opinion that it can determine what judgment should have been entered in the court below, it shall direct such judgment to be entered in the same manner and with like effect as decrees are now entered in equity cases on appeal to the supreme court; * * ."

, Invoking the above salutary constitutional provision, we propose to do what ought to have been done by the trial court, namely, to make a further deduction of $57.35. In doing so we have not invaded the province of the jury for all issues of fact were determined adversely to the defendant.

The judgment of the lower court is set aside and one is hereby rendered against defendant in the sum of $700.35.

Since defendant has to some extent prevailed in this appeal, it is deemed equitable, on the authority of *Obermeier* v. *Mortgage Co. Holland-America,* 123 Or. 469 (259 Pac. 1064, 260 Pac. 1099, 262 Pac. 261), and cases therein cited, that neither party recover costs and disbursements in this court.

Modified.

Rand, C. J., and Bean and Brown, JJ., concur.