## COLLARD v. COLLARD.

*Alimony — Judgment rendered by court of another state — Suit in courts of this state to recover arrearages — Effect when judgment is subject to modification as to installments past due.*

When, as a matter of fact, a judgment for alimony in monthly payments, rendered by a court of another state, is as to installments already past due subject to modification, alteration and change, and the amount already due thereon was and is at all, times under the control of the chancellor making the same, such judgment for alimony is so discretionary with the court making the same that, even in the absence of an application to modify the decree, no vested right exists upon which a court of this state can act.

(Decided June 14, 1915.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Harper, Allen & Curts; Mr. David Lorbach* and *Mr. Leonard Garver, Jr.,* for plaintiff in error.

*Mr. John Nichols* and *Mr. Matt. Herold,* for defendant in error.

JONES, OLIVER B., J. The action in the court below was to recover a judgment for arrearages due in monthly payments of alimony allowed by a judgment of the circuit court of Campbell county, Kentucky.

The defense made in the answer was that the alimony was payable in installments, and that under the law of the state of Kentucky all judgments for alimony are subject to modification and change by the courts thereof making the same; that said judgment would not support an action in this

state as on a final judgment for a fixed sum, as said judgment is subject to modification by the courts of Kentucky and is not a final judgment for a fixed sum.

These allegations were denied by reply; a jury was waived; and the cause was tried to the court, which, on request of the parties, made a separate finding of its conclusions of fact and conclusions of law. No bill of exceptions was taken.

The conclusion of facts so found by the court is as follows:

"That the plaintiff by the consideration of the Campbell circuit court of the County of Campbell and State of Kentucky, on the 18th day of May, A. D. 1905, recovered a judgment for alimony against the defendant herein, payable in monthly installments of Fifty ($50.00) Dollars each, on the first day of each month after the making of said order; that at the time of the filing of this action, the defendant had failed to pay said monthly installments of alimony until the payments then in arrears amounted to the sum of $1,200.00, and that up to the time of the filing of the petition herein there has been no modification, alteration or change in the judgment rendered by the Circuit Court of the County of Campbell and State of Kentucky.

"The Court further finds as a matter of fact that at the time, and ever since the said decree was rendered, against the defendant in the Campbell Circuit Court of the County of Campbell and State of Kentucky for said monthly payments of alimony that said decree as to installments of alimony already due, under the decree, are subject to mod-

ification, alteration and change, and that said amount already due was, and is, at all times under the control of the chancellor making the same."

The law of another state must be proved as a fact, and such fact to be considered by an appellate court must be made a part of the record. In the absence of a bill of exceptions, a finding of facts made by the trial court is conclusive upon this court. We are therefore bound in this case by the finding of the trial court that the judgment for alimony being in monthly payments is, as to installments already past due, "subject to modification, alteration and change, and that said amount already due was and is at all times under the control of the chancellor making the same."

It might be stated that if we were free to consider the statutes of Kentucky, and the numerous cases cited in oral argument and in the briefs of counsel, we might probably arrive at a different conclusion in regard to the finality of the judgment so far as past due installments are concerned, in view of the fact that no application has been made for any modification, alteration or change. But being bound by the finding of facts, as we have stated, we must find that the judgment for alimony is so discretionary with the circuit court of Campbell county, Kentucky, that, even in the absence of an application to modify the decree, no vested right exists upon which the court here can act. In other words, the judgment, in the condition in which it is found to be by the trial court, is one to which the case of *Lynde* v. *Lynde,* 181 U. S. 183, 187, will apply, and not one in which the later and broader doctrine announced in the

case of *Sistare* v. *Sistare,* 218 U. S., 1, would be
applicable.

The judgment below is therefore affirmed.

*Judgment affirmed.*

JONES, E. H., and GORMAN, JJ., concur.