GAFFEY v. CRITESER et ux. (No. 1737.)

(Court of Civil Appeals of Texas. Texarkana. June 8, 1917. Rehearing Denied June 21, 1917.)

1. DIVORCE ⬅➡331—FOREIGN DECREE—FULL FAITH AND CREDIT—ALIMONY.

A judgment for the periodical payment of alimony in an Oregon divorce suit under L. O. L. § 513, providing for the payment of alimony, and section 514, providing that at any time after a decree is given the court or judge upon motion of either party may set aside, alter, or modify so much of the decree as may provide for the appointment of trustees for the care and custody of minor children or the maintenance of either party to the suit, is not a final judgment in that state, and is not within Const. U. S. art. 4, § 1, providing that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state; the right to demand and receive alimony not being an absolute or vested right, but one which the court rendering the decree may terminate at any time.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 841, 842.]

2. DIVORCE ⬅➡331—FOREIGN DECREE—FULL FAITH AND CREDIT—ALIMONY.

A court of Oregon having power under L. O. L. § 514, to set aside, limit, or modify its decree, awarding alimony in a divorce suit at any time within its discretion, it may set aside the wife's right to installments of alimony already due, and hence such judgment even as to past-due installments of alimony is not within the full faith and credit clause of Const. U. S. art. 4, § 1.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 841, 842.]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by L. G. Criteser and wife against O. E. Gaffey. Judgment for plaintiffs, and both parties appeal. Reformed and affirmed.

In 1898 appellant and appellee Josephine Criteser were married in New York. They removed to Oregon, where, on January 16,

1911, appellant commenced a suit for divorce, charging said appellee with cruel treatment of him and adultery with appellee L. G. Criteser, now her husband. January 27, 1911, Mrs. Gaffey answered the suit, denying the charges made against her, and in a cross-action, in which she charged appellant with cruel treatment of her and adultery with one Bertha Branch, asked that she be divorced from him. She also asked that she be given the custody of their two children, and that she have judgment against appellant for the expenses of the suit and for permanent alimony. February 1, 1911, appellant filed a reply to the cross-bill. In March, 1911, while the suit was pending undisposed of, appellant and Mrs. Gaffey became reconciled and lived together as man and wife, in Oregon, until April, 1912, when appellant moved to Texas. In July, 1912, his wife joined him here and they lived together until April, 1913, when she left him, and, taking their children with her, returned to Oregon. At her instance the divorce suit, then still pending undisposed of, was set down for trial on December 17, 1913, and appellant, then in Texas, was notified by the attorney who represented him in the institution of the suit, by letter, of the setting. November 7, 1913, appellant wrote this attorney and requested him to have the trial of the cause postponed to a date later than January 10, 1914, and at the same time wrote the judge of the court in which the cause was pending requesting him to postpone the trial thereof until after said January 10, 1914. November 28, 1913, appellant wrote his said attorney a letter dismissing him from the case. When the cause was reached December 17, 1913, appellant not being present nor represented by an attorney, the court was about to postpone a trial of the case, when he was advised that appellant on August 29, 1913, had commenced in Texas a suit against his wife for a divorce and the custody of their children, and that in her answer to that suit his wife had set up the pendency of the suit in Oregon. On a suggestion then made to the court that a postponement of the trial might work a hardship on the wife by compelling her to try the issues made by the pleadings in the Oregon case in Texas, the court concluded not to postpone the trial of the cause pending before him, and proceeded to try same. Without requiring Mrs. Gaffey to plead further than she had pleaded in her answer to appellant's suit and her cross-bill for a divorce, etc., filed January 27, 1911, as before stated, the court, after hearing evidence, rendered judgment granting her a divorce, awarding to her the custody of the children, and a recovery against appellant of $125 on account of attorney's fees in the suit, and $50 per month for the maintenance of herself and her children. June 25, 1914, after she was divorced from appellant, Mrs. Gaffey married appellee L. G. Criteser, and June 1, 1915, she, joined by him, commenced this suit against appellant seeking a recovery against him of the sum of $1,000.25, the amount, she alleged, of the attorney's fees and alimony accrued awarded to her by the judgment of the Oregon court. Appellant's answer consisted of exceptions to the petition and pleas in which he asserted that the Oregon judgment was invalid and not binding on him. The court below was of the opinion that the Oregon judgment was valid and enforceable against appellant by the courts of this state in so far as it was for attorney's fees and alimony to the date of Mrs. Gaffey's marriage with L. G. Criteser, and not enforceable in so far as it was for alimony after that date. Accordingly he rendered judgment in appellee's favor for the sum of only $450.25. Thereupon both appellant and appellees perfected an appeal to this court.

F. H. Prendergast, Jno. W. Scott, and W. C. Lane, all of Marshall, for plaintiffs. S. P. Jones and Michael Harold, both of Marshall, and T. P. Harte, of Douglas, Ariz., for defendant.

WILLSON, C. J. (after stating the facts as above). [1] Consideration of the record in connection with the authorities cited by the parties, and others not so cited, has convinced us that the judgment of the Oregon court sued upon was not a final judgment in that state, in so far as it provided for the payment by appellant to his former wife periodically after it was rendered of a sum as alimony, and that it therefore was not within the "full faith and credit" clause of the federal Constitution. Article 4, § 1.

In Sistare v. Sistare, 218 U. S. 1, 30 Sup. Ct. 682, 54 L. Ed. 905, 28 L. R. A. (N. S.) 1068, 20 Ann. Cas. 1061, the Supreme Court after saying:

"That, generally speaking, where a decree is rendered for alimony and is made payable in future installments the right to such installments becomes absolute and vested upon becoming due, and is therefore protected by the full faith and credit clause, provided no modification of the decree has been made prior to the maturity of the installments, since, as declared in the Barber Case, 21 How. 582, 16 L. Ed. 226, 'alimony decreed to a wife in a divorce of separation from bed and board is as much a debt of record, until the decree has been recalled, as any other judgment for money is' "

—declared:

"That this general rule, however, does not obtain where by the law of the state in which a judgment for future alimony is rendered the right to demand and receive such future alimony is discretionary with the court which rendered the decree, to such an extent that no absolute or vested right attaches to receive the installments ordered by the decree to be paid, even although no application to annul or modify the decree in respect to alimony had been made prior to the installments becoming due."

We think it appears from the record before us that the judgment sued upon is within the exception stated to the general rule, because under the law of Oregon the right in Mrs. Criteser to demand and receive future

alimony it directed appellant to pay was not an absolute or vested right, but one which the court that rendered the judgment, on application made to it at any time, might in its discretion deprive her of.

It appears from the testimony that the statute of Oregon applicable is as follows:

"Sec. 513. Whenever a marriage shall be declared void or dissolved, the court shall have power to further decree as follows: 1. For the future care and custody of the minor children of the marriage, as it may deem just and proper, having due regard to the age and sex of such children, and unless otherwise manifestly improper, giving the preference to the party not in fault; 2. For the recovery of the party in fault, and not allowed the care and custody of such children, such an amount of money, in gross or in installments, as may be just and proper for such party to contribute towards the nurture and education thereof; 3. For the recovery of the party in fault such an amount of money, in gross or in installments, as may be just and proper for such party to contribute to the maintenance of the other; 4. For the delivery to the wife, when she is not the party in fault, of her personal property in the possession or control of the husband at the time of giving the decree; 5. For the appointment of one or more trustees to collect, receive, expend * * * or invest, in such manner as the court shall direct, any sum of money decreed for the maintenance of the wife or the nurture and education of minor children committed to her care and custody."

"Sec. 514. At any time after a decree is given, the court or judge thereof, upon the motion of either party, shall have power to set aside, alter, or modify so much of the decree as may provide for the appointment of trustees for the care and custody of the minor children, or the nurture and education thereof, or the maintenance of either party to the suit."

Not only, as we construe it, did the statute confer upon the court (and the judge thereof) which rendered the judgment in question here power to "set aside, alter, or modify" it so far as it was in Mrs. Criteser's favor for future alimony, but such power was expressly reserved by a provision in the judgment that payments it directed were to be made by appellant only "until the further order of the court." It seems clear, therefore, that the judgment was not a final one so far as it was for alimony.

[2] The insistence of appellees seems to be that, while the court which rendered the judgment had power to "set aside, alter, or modify" it so as to deprive Mrs. Criteser of a right to demand and receive of appellant payments of alimony which had not become due, it did not have power to deprive her of a right to demand and receive payments which had become due. The contention, it is asserted, is supported by decisions of the Oregon Supreme Court construing the statute of that state. The decision most relied upon is that of the court in Brandt v. Brandt, 40 Or. 477, 67 Pac. 508. As we understand it the holding in that case not only does not support appellees' contention, but determines the law of Oregon to be directly to the contrary thereof. In the Brandt Case

the wife was granted a divorce in April, 1889, and the husband was directed to pay her $100 as the cost of prosecuting the suit and $20 per month from the date of the entry of the decree until further order of the court, as permanent alimony, no part of which he ever paid. The wife married again in January, 1890. In March, 1900, the court entered an order reviving the judgment in favor of the wife and directing the issuance of an execution against the husband for $2,820.40, the sum found to be then due and owing to her, and which included the $100 allowed her as costs of prosecuting the suit and $28 allowed her as "living expenses" while it was pending. In April, 1900, the husband filed a motion to set aside the order reviving the judgment against him and to recall an execution issued thereon, and in the motion asked "that the sum of $20 a month allowed by the original decree be remitted from and after May 2, 1889." The appeal was from the order overruling this motion. In the Supreme Court the husband insisted that "the decree, in so far as it awards the plaintiff $20 a month permanent alimony, should be annulled as of the date of its entry." In disposing of the contention the appellate court determined that it was within the power of court that rendered the judgment to annul it, so far as it awarded future alimony, whether same had become due or not by the terms thereof, and thereupon so reformed the decree as to deny the wife a recovery of the part of the sum due and owing to her as alimony which became due after she married again and as to award her a recovery of only the part thereof which became due before she so married. If, as was determined in that case, power to annul such a judgment existed in the court that rendered it, then the court which rendered the judgment here sued upon might set it aside at any time. If it might it was not within the "full faith and credit" clause of the federal Constitution. Sistare v. Sistare, 218 U. S. 1, 30 Sup. Ct. 682, 54 L. Ed. 905, 28 L. R. A. (N. S.) 1068, 20 Ann. Cas. 1061; Lynde v. Lynde, 181 U. S. 183, 21 Sup. Ct. 555, 45 L. Ed. 810; Wallace v. Wallace, 74 N. H. 256, 67 Atl. 580, 13 Ann. Cas. 293; Ogg v. Ogg, 165 S. W. 912; Bleuer v. Bleuer, 27 Okl. 25, 110 Pac. 736; Rowe v. Rowe, 76 Or. 491, 149 Pac. 533; 1 R. C. L. 958; 9 R. C. L. 928; 23 Cyc. 1554.

What has been said does not, of course, apply to the judgment sued upon so far as it was for $125 "on account of attorney's fees." The contention made by appellant with reference to that part of the judgment are not regarded as sound, and are overruled.

The judgment will be so reformed as to award appellees a recovery of the sum of $144, being the attorney's fee adjudged to her by the Oregon court and interest thereon, instead of the sum of $450.25, and, as so reformed, the judgment will be affirmed.