McCULLOUGH *v.* McCULLOUGH.

1. PROCESS—CRIMINAL CHARGE—EXEMPTION—EXTRADITION.

   A nonresident, charged with crime and brought within the
   jurisdiction of the court by compulsory process, is ex-
   empt from service of civil process while coming into the
   jurisdiction, while necessarily in attendance upon court,
   and while returning to his place of residence without un-
   necessary delay.

2. SAME—EXEMPTION—WAIVER.

   In an action in Michigan to recover installments of alimony
   which had accrued on a decree granted plaintiff for ali-
   mony alone in an Ohio court, the service of process upon
   defendant in the alimony suit while he was in Ohio under
   extradition to answer a criminal charge, was a violation
   of his privilege and unless waived is a valid defense to
   this action.

3. SAME—DAY IN COURT.

   Defendant, having instituted proceedings in the same court
   to have the alimony proceeding dismissed, and being de-
   nied relief, has had his day in court, and, it having been
   determined adversely to him, is not now available as a
   defense to this action.

4. DIVORCE—FOREIGN JUDGMENTS—CONSTITUTIONAL LAW.

   Although a decree for alimony in an Ohio court is subject
   to modification, the wife has a vested interest in install-
   ments already due and payable, entitled to recognition
   under the full faith and credit clause of the Federal Con-
   stitution.[1]

5. SAME—ALIMONY—TERMINATION OF DECREE.

   A divorce obtained by the husband in Michigan, where he
   had become domiciled, terminated the decree of an Ohio
   court for alimony alone as to installments falling due
   thereafter.

Error to Ingham; Collingwood, J. Submitted Feb-
ruary 12, 1918. (Docket No. 26.) Decided Septem-
ber 28, 1918.

[1] See notes in 59 L. R. A. 178; 9 L. R. A. (N. S.) 1168; 28
L. R. A. (N. S.) 1068.

Assumpsit by Dora D. McCullough against Robert E. McCullough for alimony. Judgment for plaintiff. Defendant brings error. Affirmed, conditionally.

*L. B. Gardner* and *O. J. Hood,* for appellant.

*Cummins & Nichols,* for appellee.

Bird, J.   Plaintiff sued defendant in the Ingham circuit court to recover certain installments of alimony which had accrued on a decree granted her for alimony alone, by the common pleas court of Licking county, Ohio.   Upon the trial plaintiff showed the marriage and desertion and made proof of the records of the Licking county court showing an allowance of $100 a month to plaintiff as alimony beginning on March 1, 1913, the same to paid monthly.   It was further shown that no part of this allowance had ever been paid and that there was then due thereon the sum of $3,447.73.   With this proof the plaintiff rested.

The defendant then attempted to show under his notice following the general issue the following facts:

"(a) That Mrs. McCullough, the plaintiff, about May 9, 1911, refused to live with the defendant.

"(b) That defendant, on or about May 9, 1911, turned over to plaintiff practically all the property he had, with the understanding and agreement that the same was to be in satisfaction for her maintenance and support and for the care, maintenance and support of their daughter.

"(c) That plaintiff realized from the property he turned over to her, more than $4,000.

"(d) That plaintiff went before the grand jury of the common pleas court of Licking county, State of Ohio, and through falsehood and deception, procured an indictment to be issued against him on the ground of nonsupport of their daughter.

"(e) That plaintiff procured said indictment for the purpose of getting defendant within the jurisdiction of Licking county, State of Ohio, for the purpose

of serving him with process in the case upon which she procured a judgment, which judgment she has brought this action on.

"(*f*) That plaintiff procured judgment against the defendant in the common pleas court of Licking county, State of Ohio, upon false statements, and statements that she knew to be false at the time she secured said judgment.

"(*g*) That at the time defendant was served with summons in the common pleas court of Licking county, Ohio, in which she secured judgment, which judgment this action is predicated, defendant was in attendance upon the common pleas court of Licking county, Ohio, by virtue of an indictment issued against him, out of said common pleas court of Licking county, charging him with nonsupport of their child.

"(*h*) That the service of process in said cause was made before he was able to leave the court house after his arraignment in the common pleas court of Licking county, State of Ohio, on said charge of nonsupport of their infant child.

"(*i*) That defendant was privileged from service of process while in attendance upon the court.

"(*j*) That defendant was advised by a lawyer in Licking county, Ohio, that it was unnecessary for him to enter his appearance in said cause or defend the same for the reason that the service so made was void; that he was told by the sheriff of Licking county, Ohio, that he need not pay any further attention to the proceedings in said cause and if any further steps were taken, he would notify the defendant of the same.

"(*k*) That he did not enter his appearance in said cause personally or by attorney.

"(*l*) That the defendant maintained his innocence and did not know that a plea of guilty was to be entered against him, in the common pleas court of Licking county, Ohio, on a charge of the nonsupport of their child.  *  *  *

"(*n*) That plaintiff, knowingly and falsely claimed the defendant was making from $1,000 to $1,250 per month, at the time she took the judgment against him in Licking county, Ohio.

"(*o*) That at the time she made said claim, and when the judgment was taken, she had the greater

part of the $4,000 and over, which she had received from the properties he had turned over to her, in settlement of their property rights.

"(p) That he become a resident of Ingham county, State of Michigan, in about six weeks after plaintiff refused to live with him, to wit: May 9, 1911, and has been a resident of Mason, Ingham county, State of Michigan, ever since.

"(q) That for more than a year last past, he has been married and living with his wife in Mason.

"(r) That he returned to his home in Mason, Ingham county, Michigan, and never heard anything from the court nor the sheriff, regarding said suit, and supposed nothing further had been done in the case, until he was served with summons in this case.  *  *  *

"(t) That on or about the 21st day of September, 1915, defendant obtained a decree dissolving the marriage between said parties, in the circuit court for the county of Ingham, Michigan.

"(u) That a decree in the Ohio courts for alimony is ambulatory in character, that is, may be changed at any time for cause shown."

The trial court refused to receive most of this evidence, holding in substance that while defendant was privileged from service of civil process while in attendance upon the criminal case in the State of Ohio he had waived that privilege.

1. It is the law in Ohio as elsewhere that if a non-resident is charged with crime and brought within the jurisdiction of the court by compulsory process, he is exempt from service of civil process, while coming into the jurisdiction, while necessarily in attendance upon the court, and while returning to his place of residence, providing no unnecessary delay occurs in returning. *Compton, Ault & Co.* v. *Wilder,* 40 Ohio St, 130.

Defendant was a resident of Michigan on December 12, 1912. On that day he was extradited from his home State to the State of Ohio. On December 18th he was taken before the court in Licking county,

and while in attendance upon the criminal proceeding he was served with civil process in the alimony proceeding. This was clearly a violation of his privilege and if he has not waived the privilege the defense is a valid one in the present proceeding, because it affects the jurisdiction of. the court which made the decree. Indeed we do not understand that plaintiff denies this proposition but her counsel insist that defendant has waived his privilege because of the great lapse of time in failing to move to set aside the proceeding and because he filed a direct proceeding in the Licking county court to dismiss the alimony proceeding after this suit was commenced in Ingham county, which resulted in a denial of relief.

After this suit was commenced and on the 5th day of October, 1915, he instituted a direct proceeding in the common pleas court of Licking county to dismiss the alimony proceeding on substantially the same grounds that he is now raising in this suit. He was denied relief in that suit but it does not clearly appear upon what ground the decision was rested. By reason of this action we think it must be held that he has had his day in court upon that question, and it having been determined adversely to his contention it is not now available as a defense to this action.

2. The further defense is interposed that the decree of the Ohio court is not for a fixed and definite amount, that the judgment is ambulatory and therefore is not such a judgment as comes within the full faith and credit clause of the Federal Constitution. This contention is met by plaintiff with the assertion that the judgment is final as to installments which are already due and payable.

Our attention has been called to no statute which authorizes the Ohio courts to modify a decree for alimony, although that power is exercised by them. *Olney* v. *Watts,* 43 Ohio St. 499 (3 N. E. 354). Pre-

sumably the exercise of this authority is based upon their common-law right. Assuming as we must that the decree in question for alimony is subject to modification, does this power affect the installments already matured and are the matured installments entitled to recognition under the full faith and credit clause of the Federal Constitution? This precise question is considered and decided in *Sistare* v. *Sistare*, 218 U. S. 1 (30 Sup. Ct. 682, 28 L. R. A. [N. S.] 1068), where the former holdings of that court are discussed and harmonized by Mr. Justice WHITE. In that case it was said in part:

"We think the conclusion is inevitable that the *Lynde Case* [181 U. S. 183 (21 Sup. Ct. 555)] cannot be held to have overruled the *Barber Case* [21 How. (62 U. S.) 582], and therefore that the two cases must be interpreted in harmony, one with the other, and that on so doing it results: *First*, That, generally speaking, where a decree is rendered for alimony and is made payable in future installments the right to such installments becomes absolute and vested upon becoming due, and is therefore protected by the full faith and credit clause, provided no modification of the decree has been made prior to the maturity of the installments, since, as declared in the *Barber Case,* 'alimony decreed to a wife in a divorce of separation from bed and board is as much a debt of record until the decree has been recalled, as any other judgment for money is.' *Second,* That this general rule, however, does not obtain where by the law of the State in which a judgment for future alimony is rendered the right to demand and receive such future alimony is discretionary with the court which rendered the decree, to such an extent that no absolute or vested right attaches to receive the installments ordered by the decree to be paid, even though no application to annul or modify the decree in respect to alimony had been made prior to the installments becoming due."

This holding by the Federal court sustains plaintiff's contention that she has a right to recover on

installments of alimony already due and payable, inasmuch as the qualification of the rule laid down in the second proposition is satisfied by the holding of the supreme court of Ohio that she has a vested interest therein. *Coffman* v. *Finney,* 65 Ohio St. 61 (61 N. E. 155, 55 L. R. A. 794).

But counsel for defendant contends that even if plaintiff is entitled to recover she is not entitled to recover installments which fell due after the date of the decree of divorce rendered by the Ingham circuit court. This raises the question whether the decree of divorce granted to defendant by the Michigan court abrogated the decree or order for alimony theretofore made by the Ohio court. It is clear that the Michigan decree could have no effect upon the installments which had matured at the time of its rendition, because as to those installments plaintiff had a vested interest. *Coffman* v. *Finney, supra.* But we are of the opinion that the divorce decree so changed the legal relation of the parties that the Ohio decree as to future alimony was no longer of any force. We have been much influenced in reaching this conclusion by the case of *Harrison & Saunders* v. *Harrison,* 20 Ala. 629 (56 Am. Dec. 227), which discusses the question upon a state of facts which differ in no material respect from those involved here. It is held in that case that the subsequent decree of divorce obtained by the husband in another State to which he had removed and in which he was domiciled put an end to the decree for alimony as to installments falling due after the divorce. In the concluding paragraph of that case it is said:

"We are of opinion that both decrees may stand so far as in their results they are not incompatible with each other. The subject-matter and object of each are wholly different. The first seeks to enforce the obligations and duties springing out of the relation of marriage; the second, entirely to annul that rela-

tion, and having effected the contemplated object, puts a period to the operation of the first, which is necessarily dependent upon that relation."

We are content with the reasoning of this case and think it should be applied to the facts under consideration. It follows, therefore, that defendant's offer to show that a divorce was granted to defendant in the Ingham circuit court was competent and material and should have been received. The plaintiff will be permitted to recover on installments due and payable at the date of the divorce decree but nothing more. The case must be reversed unless counsel can agree how much was due at that time. In the event that counsel file in the trial court a stipulation of the amount due within thirty days from the date of filing this opinion a judgment for the stipulated amount will be affirmed, otherwise the judgment will be reversed and a new trial ordered with costs in either event to the defendant.

OSTRANDER, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.