Argued September 15, affirmed September 29, 1914.

## FRANK *v.* WOODCOCK.*

(143 Pac. 1105.)

**Principal and Agent—Relation to Third Party—Agent of Undisclosed Principal.**

1. An agent who contracts in his own name, without disclosing his principal, renders himself personally liable, even though the third person knows that he is acting as an agent, unless it affirmatively appears that it was the mutual intention of the parties that the agent should not be bound.

[As to subagents and their relation to the principal and to the agent appointing them, see note in 50 Am. St. Rep. 110.]

From Lane: Lawrence T. Harris, Judge.

Department 2. Statement by Mr. Justice Bean.

This is an action by H. L. Frank against A. C. Woodcock to recover wages for work done by plaintiff upon

---

*The authorities on the question of the personal liability of one known to be the agent for an undisclosed principal are gathered in a note in 47 L. R. A. (N. S.) 232.          Reporter.

a ranch in Lane County between February, 1912, and July 15, 1913, at $30 per month, for work of a team of plaintiff 317½ days at $2 per day, and $13.20 for certain merchandise purchased by plaintiff for defendant, aggregating $970.25. The cause was tried before a jury and a verdict rendered in favor of the plaintiff for the sum of $336.86. From a resulting judgment, the defendant appeals.

The defendant pleads that, in employing plaintiff, he acted as manager and president of a corporation of this state known as the Asparagus, Cherry & Walnut Company, which owned the ranch upon which the plaintiff worked, and that plaintiff knew, when employed, that defendant was merely such agent. Defendant also claims that certain payments were made to plaintiff which were not credited, and that he paid $424 upon a note of plaintiff; that, on account of the latter's failure to attend to business, he, acting for the corporation, necessarily employed other help at a reasonable expense of $100. Defendant also disputes the number of days' work with the team, and claims that the plaintiff permitted certain stock to ruin fruit trees of the value of $400.

The reply put in issue the new matter of the answer.

AFFIRMED.

. For appellant there was a brief over the name of *Messrs. Smith & Sennett,* with an oral argument by *Mr. Fred E. Smith.*

For respondent there was a brief and an oral argument by *Mr. H. E. Slattery.*

MR. JUSTICE BEAN delivered the opinion of the court.

The trial court by a special verdict separately submitted to the jury the various items claimed upon each

side of the cause, and the jury made findings thereon. This obviates the necessity of considering objections and exceptions made and taken by the defendant to evidence in regard to those items which were disallowed to plaintiff. The main point relied upon by counsel for defendant for a reversal of the judgment is the alleged error in the instructions of the court in regard to the liability of an agent: Assignments of error 25 and 26. Upon this question the court instructed the jury as follows:

"It is a rule of law that an agent who enters into a contract in his own name, without disclosing the identity of his principal, renders himself personally liable, even though the third person knows that he is acting as an agent, unless it affirmatively appears that it was the mutual intention of the parties to the agreement that the agent should not be bound."

The court further instructed the jury as follows:

"In order to avoid personal liability, it was the duty of Woodcock to disclose to plaintiff that defendant Woodcock was acting in a representative capacity, and also to disclose to plaintiff the identity of his principal. But, if plaintiff knew the identity of the principal, Woodcock then did not owe any duty of disclosing the identity of his principal."

To the foregoing instructions counsel for defendant objected and duly saved exceptions.

It is the contention of defendant's counsel that the liability of the agent depends upon his intention in that regard, and not upon the mutual intention of the parties, and that the intent of the party, other than the agent, is immaterial. With this claim we are unable to agree. The instructions given by the trial court are based upon the law as laid down in 31 Cyc. 1555 et seq. We approve these instructions. The liability of a

party, or the question of who is liable for the payment of an obligation incurred by a contract made between two persons, is an important part of such contract, and it is just as essential that the minds of the parties should meet upon this question as upon any other. The main inquiry in such cases is: To whom was credit extended, and who assumed the obligation? Hence, we approve the rule as laid down in Cyc. *supra,* that:

"An agent who enters into a contract in his own name without disclosing the identity of his principal renders himself personally liable, even though the third person knows that he is acting as agent, unless it affirmatively appears that it was the mutual intention of the parties to the contract that the agent should not be bound."

It is the claim of plaintiff that, at the time the contract was made, he was not aware that defendant was acting as the agent of anyone. The evidence tended to show, and the jury found, that defendant made the contract in his individual capacity. The defendant pleads a different contract, and it was incumbent upon him to prove it, which he failed to do to the satisfaction of the jury. Defendant requested no additional or different instructions. There were intricate questions of fact involved in the case which were fairly submitted to the jury. An examination of the record discloses no error therein.

The judgment of the lower court is therefore affirmed.                                                    AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE RAMSEY concur.