Argued June 7, modified June 25, 1918.

## STABLER v. MELVIN.

(173 Pac. 896.)

**Fraud—Injury from Fraud.**

1. Although defendant, an attorney, induced plaintiff, his client, to execute to him without consideration a note and mortgage on her land, which note and mortgage he sold, retaining the proceeds, plaintiff could not recover the amount of the note; the land having been purchased by one who agreed to pay, as part consideration therefor, the note and mortgage, and who had in fact acquired the note and mortgage, and plaintiff not having paid the note, and no demand therefor having been made on her, plaintiff might have a valid defense to any suit thereon.

**Fraud—Evidence—Sufficiency.**

2. Evidence *held* to show that note and mortgage in hands of *bona fide* purchaser were secured by defendant through fraud upon plaintiff, who was then his client, so as to warrant judgment for plaintiff against him for the amount of the note and mortgage.

[As to what is sufficient proof in actions for fraud, see note in 65 Am. Dec. 157.]

Costs—Discretion of Court.

3. Under Article VII, Section 3, of the Constitution, as amended in 1911 (see Laws 1911, p. 7), authorizing modification of judgment on appeal, the court on appeal has the power to award costs on equitable principles, and to give or deny costs to either party on appeal.

From Multnomah: HENRY E. McGINN, Judge.

Department 2.

The plaintiff is a widow 65 years of age, without any experience in business affairs. The defendant is an attorney duly licensed to practice in this state, with offices in the City of Portland, and in connection therewith is a real estate broker. On November 12, 1912, plaintiff was the owner of two lots in Block 17 of Westmoreland Addition to the City of Portland, with mortgages thereon amounting to about $2,750, and some city liens.

As her agent the defendant undertook to negotiate a trade for the plaintiff by which she would receive property free of any lien in exchange for her encumbered lots. As a result of the defendant's negotiations the plaintiff executed a deed of her lots to Bruce Wolverton and in exchange received from him a deed to a forty-acre tract of land in the State of Washington.

The defendant represented to the plaintiff that in order to consummate the deal it was necessary for him to convey two certain lots in the Santiam Hunting and Fishing Club grounds which he claimed to own and to be of the reasonable value of $500, claiming also that the plaintiff was justly indebted to him in the sum of $250 for alleged legal services.

Concurrent with the execution of the deed to her and relying on such representations, the plaintiff executed to the defendant her promissory note for $750, payable two years after date, with interest at the

rate of 7 per cent per annum, and to secure the payment thereof gave the defendant a mortgage on the forty-acre tract which was conveyed to her by Wolverton.

Before maturity and for value the defendant sold and assigned the note and mortgage to the Merchants' Savings and Trust Company, and the mortgage is now a valid lien on the land. The defendant appropriated to his own use and benefit the proceeds from the sale of the note.

It is alleged that the representations of the defendant were false and fraudulent and that they were made with intent to deceive and mislead the plaintiff; that, relying thereon, she was misled and deceived and that by reason thereof she was induced to and did execute the note and mortgage.

Plaintiff contends that the two lots in the Hunting and Fishing Club grounds were fictitious and their alleged value was no part of the consideration for the exchange of property; that defendant's claim of $250 against the plaintiff was not a valid or just claim, and that he had been paid in full for all services which he had ever rendered to the plaintiff.

In November, 1913, as the owner thereof, defendant conveyed to the plaintiff another fifteen-acre tract in the State of Washington and concurrent therewith induced her to execute to him a note for $650, payable three years after date, with interest at 8 per cent per annum, and to give a mortgage on the land to secure payment of that note. The deed from the defendant to the plaintiff and the note and mortgage from the plaintiff to the defendant were without consideration.

Before maturity and for value the defendant sold and assigned the note and mortgage and retained the proceeds from the sale. It appears from the record

that Hattie C. Burton is now the owner and holder
of the note and mortgage and that by mesne convey-
ances she became and is now the owner and holder
of the fifteen-acre tract. The record shows and Mrs.
Burton testifies that she bought the fifteen-acre tract
subject to the $650 mortgage which was a part of the
consideration and that she "assumed and agreed to
pay it." In his answer the defendant admits that
he was in the employ of the plaintiff as her attorney
and that he received and retained all of the proceeds
from each of the notes, and affirmatively alleges that
he did this by virtue of a settlement and an agreement
with the plaintiff, asserting that he had a legal right
to do so.

The jury returned a verdict against the defendant
for $1,411.69, which must have included the amount
of the two notes. Judgment was entered upon the
verdict, from which the defendant appeals.

MODIFIED.

For appellant there was a brief and an oral argu-
ment by *Mr. W. Y. Masters.*

For respondent there was a brief over the names of
*Mr. Albert H. Tanner, Mr. Milton R. Klepper* and
*Mr. John Van Zante,* with oral arguments by *Mr.
Tanner* and *Mr. Klepper.*

JOHNS, J.—1. The complaint is voluminous, yet in
substance it is an action for money had and received.
There are eleven assignments of error, but under the
conclusion which we have reached after a careful study
of the whole record they all become immaterial and
unimportant, except as to the amount of the judg-
ment. It appears from the record that the $650 note
and mortgage upon the fifteen-acre tract were exe-

cuted without any consideration; that in truth and in fact the defendant was the owner of the land at the time that note and mortgage were executed; that Hattie C. Burton is now the owner of that land and of the note and mortgage, and that when she acquired the title and as one of the considerations she assumed the mortgage and agreed to pay the note. Plaintiff has not paid the note, no demand has ever been made upon her for payment and she might have a valid defense to any suit or action against her to enforce payment of that note. Under such a state of facts we do not know of any principle of law, and counsel have not cited any authority, by which the plaintiff could now recover a judgment against the defendant for the amount of the $650 note, yet it is very apparent that such sum is included in and is a part of the judgment against the defendant for $1,411.69. To that extent the judgment is wrong.

The $750 note was executed by the plaintiff to the defendant and secured by a mortgage upon the forty-acre tract then owned and held by the plaintiff, and the defendant sold and assigned the note and mortgage before maturity and appropriated the proceeds to his own use. The mortgage was upon her own land and as the maker the plaintiff is now liable on that note and mortgage according to the terms thereof.

2. The testimony is convincing and the jury must have found that there was no consideration for the $750 note and mortgage and that the plaintiff was deceived and misled into the execution thereof by the false and fraudulent representations of the defendant as to the terms and conditions by which she acquired title to the forty-acre tract. This conclusively appears from the testimony of Bruce Wolverton, with whom the defendant made the deal and who testifies

positively that the only consideration which he ever received for the conveyance of the forty-acre tract to the plaintiff was her deed to the two lots in Westmoreland. Defendant was called as a witness in his own behalf and did not attempt to explain or contradict the testimony of Wolverton. He also admitted that he sold and disposed of the $750 note and mortgage and retained the proceeds. We are of the opinion that there was no consideration for the $750 note and mortgage and that in equity and in good conscience that note and that mortgage when executed were the property of the plaintiff; that the defendant should account to the plaintiff for the amount thereof, and that by reason thereof the defendant is justly indebted to the plaintiff in the sum of $750, with interest thereon from February 14, 1916, the date of the judgment in the lower court, at the rate of 6 per cent per annum.

This is an equitable action. The plaintiff is a widow 65 years of age and it clearly appears that she is wholly inexperienced in business affairs; that the defendant took an unfair advantage of her situation and the relations existing between them; that on November 12, 1912, through fraud and deceit he wrongfully and without any consideration obtained the $750 note and mortgage, and that in November, 1913, he sold and assigned them, appropriating the proceeds to his own use and benefit. Plaintiff's judgment was entered February 14, 1916.

3. Among other things, Section 3 of Article VII of the Constitution as amended in 1911, in speaking of actions at law, provides:

"If the Supreme Court shall be of opinion, after consideration of all the matters thus submitted, that the judgment of the court appealed from was such as should have been rendered in the case, such judgment

shall be affirmed, notwithstanding any error committed during the trial; or if, in any respect, the judgment appealed from should be changed, and the Supreme Court shall be of opinion that it can determine what judgment should have been entered in the court below, it shall direct such judgment to be entered in the same manner and with like effect as decrees are now entered in equity cases on appeal to the Supreme Court."

The judgment appealed from should be changed. There is no dispute as to any of the material facts in this case and under such facts we feel that it would be a gross injustice to allow appellant costs on this appeal. It is our opinion that the power given to this court, under this section, to enter a judgment upon the record carries with it the power to award costs on equitable principles, and to give or to deny costs to either party on appeal. The judgment of the lower court is modified and it is ordered and adjudged by this court that the plaintiff and respondent have judgment against the defendant and appellant and his sureties on appeal for the sum of $750 with interest thereon from February 14, 1916, at the rate of 6 per cent per annum, and her costs in the lower court; and that neither party have or recover costs in this court.

MODIFIED.      JUDGMENT RENDERED.

McBRIDE, C. J., and MOORE and BEAN, JJ., concur.