Submitted on briefs October 25, modified November 19, 1918.

## OLSON v. HEISEN.

(175 Pac. 859.)

**Master and Servant—Action for Wages Due—Attorney's Fee.**

1. Under Laws of 1907, page 313 .(Sections 5066–5068, L. O. L.), an employee who has been' discharged is not entitled to allowance of attorney's fees; the proviso in Section 3 of the act contemplating payment of attorney's fees only where employee has quit after giving three days' notice of intent to quit.

**Statutes—"Purview."**

2. The "purview" of a statute is the enacting part or body of the act, as distinguished from other parts, such as the preamble, the title, saving clauses, and provisos.

**Statutes—Proviso—Functions.**

3. The appropriate function of a proviso is to restrain or modify the purview of a statute in which the proviso is found.

[As to proviso in section of a statute as applicable to other sections, see note in Ann. Cas. 1913E, 658.]

**Statutes—Conflict Between Purview and Proviso.**

4. Since there is a conflict between a part of the purview of Laws of 1907, page 314, Section 3, and the proviso thereof appearing in the same sentence, the proviso must govern.

From Crook: T. E. J. DUFFY, Judge.

In Banc.                                      MODIFIED.

For appellant there was a brief submitted over the name of *Mr. Lake M. Bechtell.*

For respondent there was a brief submitted over the name of *Mr. Jay H. Upton.*

HARRIS, J.—The only question for decision is whether Chapter 163, Laws of 1907, authorized the trial court to allow an attorney's fee in the instant action. The complaint alleges that the plaintiff performed work and labor for the defendant and that the

sum of $300 is due; that the defendant discharged the plaintiff and that thereupon the plaintiff demanded payment of the wages due him, but that the defendant has refused to pay the sum due although a period of more than 48 hours has elapsed. The answer consisted of a general denial. The jury returned a verdict for $300. Upon entering the judgment on the verdict the court included in such judgment an allowance of $75 as a reasonable attorney's fee.

1. Chapter 163, Laws of 1907, consists of three sections and is codified in Lord's Oregon Laws as Sections 5066 to 5068, inclusive. The act is entitled thus:

"An Act to prohibit the issuance of non-negotiable acknowledgments of indebtedness in payment for wages due employees, providing how acknowledgments of such indebtedness shall be paid, fixing the time when certain wages shall become due, and providing for the collection of reasonable attorney's fees in actions to recover wages."

Section 1, in substance, prohibits an employer from issuing any order, check or other acknowledgment of indebtedness on account of wages, unless the paper is made negotiable. Section 2 provides that whenever an employer discharges an employee, all wages earned and unpaid at the time of such discharge, shall become due and payable immediately; and also whenever an employee, not having a contract for a definite period, sees fit to quit his employment, all wages earned and unpaid become due and payable at the time of such quitting if the employee has given three days' notice of his intention to quit.

Section 3 reads as follows:

"In any action for the collection of any such order, check, memorandum, or other acknowledgment of in-

90 Or.—12

debtedness, or in any action by an employee against an employer for the collection of wages, if it is shown that such order, check, memorandum, or other acknowledgment of indebtedness, or said wages were not paid for a period of forty-eight hours after proper demand for the payment thereof, the court may, in its discretion, upon entering judgment for the plaintiff, include in such judgment, in addition to the costs and disbursements otherwise prescribed by statute, a reasonable sum for attorney's fees for prosecuting said action; provided, such employee shall have given not less than three days' notice of his intention to quit his employment.''

2. When we speak of the purview of a statute we mean the enacting part or body of the act as distinguished from other parts of it such as the preamble, the title, saving clauses and provisos: *The San Pedro,* 2 Wheat. 132 (4 L. Ed. 202); Lewis' Sutherland on Statutory Construction (2 ed.), p. 460. In 36 Cyc. 1161, a proviso is said to be

''a clause engrafted on a preceding enactment for the purpose of restraining or modifying the enacting clause, or of excepting something from its operation which otherwise would have been within it, or of excluding some possible ground of misinterpretation of it, as by extending it to cases not intended by the legislature to be brought within its purview.''

3. The appropriate function of a proviso is to restrain or modify the purview of the statute in which the proviso is found: 36 Cyc. 1162; 26 Am. & Eng. Ency. Law (2 ed.), 678; *State* v. *Young,* 74 Or. 399, 406 (145 Pac. 647). The statute now under discussion makes no reference to the allowance of attorney's fees except in the title of the act and in Section 3. It will be observed that Section 3 consists of a single sentence, and that the proviso constitutes the very end not only of Section 3 but also of the statute con-

sidered as a whole. Looking again at Section 3 it will be seen at once that the words, "In any action for the collection of any such order, check, memorandum, or other acknowledgment of indebtedness," when standing alone, are broad enough to include cases where the employee has been discharged as well as those where the employee has voluntarily quit; and, furthermore, "any action by an employee against an employer for the collection of wages" necessarily includes all such actions. In other words, the purview of the statute, when considered by itself, authorizes the allowance of attorney's fees in all actions to recover wages, if the wages due are not paid within 48 hours after demand. But the purview of the statute is limited by a proviso which declares that "such employee" shall not be entitled to an attorney's fee unless he "shall have given not less than three days' notice of his intention to quit his employment."

The purview states that an attorney's fee shall be allowed "in any action for the collection" of any check, order or acknowledgment of indebtedness on account of wages earned, and that an attorney's fee shall also be allowed "in any action by an employee"; but the proviso, referring among other words, to the words "an employee" in the purview, declares that "such employee" shall not be entitled to an attorney's fee unless he "shall have given not less than three days' notice of his intention to quit his employment." There are no words in the proviso confining its operation to employees who voluntarily quit their employment; but the words "such employee" are as comprehensive as the antecedent words "an employee." In the instant case the plaintiff was discharged and therefore in the very nature of things he could not give notice of an intention voluntarily to

do in the future that which had already been done, compulsorily done it is true, but nevertheless done. The purview therefore embraces all employees; it includes employees who voluntarily quit and those who are discharged. The proviso, however, cannot in the very nature of things include all employees who are discharged because of the impossibility of giving notice of an intention to do what has already been done under compulsion. Hence there is a conflict between the purview and the proviso. It must be remembered that the instant case does not involve a conflict between two or more clauses, sentences or sections of the purview but the conflict is one between a part of the purview and a proviso. It must be kept in mind, too, that we are not called upon to decide what the effect would be if the proviso appeared in a previous section; but the conflict is between the purview and a proviso appearing in the same sentence and in the same section, with the proviso at the very end not only of the section but also of the whole statute. Furthermore, the instant case must be distinguished from all those cases where the purview and a proviso are wholly inconsistent with each other so that the language of one completely neutralizes the language of the other; for here the conflict between the words of the purview and the language of the proviso is only partial. The conflict between the purview and the proviso in Section 3 cannot be harmonized unless we indulge in speculation and hazard the guess that the legislature intended the proviso to apply only to employees who voluntarily quit. While it is true that the intention of the legislature should always be ascertained and made effective if possible it is also true that it is the province of the courts to construe and not to enact legislation. It is impossible to say that

the proviso shall apply only to employees who voluntarily quit their employment without amending Section 3 with another proviso, not now found in the statute, to the effect that the requirement for three days' notice shall not apply to employees who voluntarily quit.  If the statute is to be amended it must be done by the legislature and not by the judicial department of our state.

4. Although there may be some contrariety of opinion among the courts as to the rule to be applied where the purview and a proviso are entirely inconsistent with each other, nevertheless the precedents are practically unanimous where there is only a partial inconsistency; and the general rule is that where there is only a partial inconsistency the proviso prevails to the extent of the inconsistency: *Townsend* v. *Brown*, 24 N. J. Law, 80; *Van Horn* v. *State*, 46 Neb. 62 (64 N. W. 365); *Fayetteville Farmers' Bank* v. *Hale*, 59 N. Y. 53; *Campbell* v. *Jackman Bros.*, 140 Iowa, 475 (118 N. W. 755, 27 L. R. A. (N. S.) 288); *Clark Thread Company* v. *Kearny Township*, 55 N. J. L. 50 (25 Atl. 327); 36 Cyc. 1130, 1163; Black on Interpretation of Laws, 278; 2 Lewis' Sutherland on Statutory Construction (2 ed.), § 350.  Applying the rule by which we are governed it follows that the proviso in Section 3 must prevail and, therefore, since the plaintiff did not give three days' notice of his intention to quit, the trial court was without authority to allow an attorney's fee.  The judgment appealed from will be modified by eliminating the attorney's fee mentioned in the judgment; but on the authority of *Stabler* v. *Melvin*, 89 Or. 226, 232 (173 Pac. 896, 897), it is adjudged that neither party shall have judgment for costs and disbursements in this court.    MODIFIED.