Submitted on brief October 8, affirmed December 2, rehearing denied December 30, 1919.

## MILLER LUM. CO. *v.* DAVIS.

(185 Pac. 462, 464.)

**Appeal and Error—Harmless Error in Remarks of Court as to Extent of Proof Required.**

1. In an action to recover for goods sold, the trial court's statement, in apprising attorneys of his views of the law, and to explain a ruling, that "proof would not be required to be very extensive," if erroneous as invading the jury's province, *held* harmless to defendant.

**Appeal and Error—Acceptance of Verdict as Conclusive Finding.**

2. Where the instructions, if not more favorable to defendant than he could rightfully have demanded, at least were as favorable to him as he could reasonably ask, and there was substantial evidence supporting plaintiff's contention, verdict for plaintiff must be accepted as a conclusive finding that there was an express contract between the parties as alleged in the complaint.

**Trial—Memoranda of Seller not Open to Exclusion on Blanket Objection.**

3. In an action to recover for building materials sold and delivered under an express contract, plaintiff's memoranda, consisting of delivery slips executed in triplicate, one copy of which was kept as a permanent record, *held* not rendered inadmissible by defendant's omnibus objection that they were incompetent, irrelevant, and immaterial under the allegations, and because the complaint designated a specific contract for a specific sum, while the memoranda disclosed a different sum.

**Appeal and Error—Correction of Mistake in Judgment as to Interest.**

4. Where by inadvertence judgment was made to recite March 1st, instead of November 1st, of a given year as the date from which interest began to run, such mistake in the judgment entry can be corrected in the Supreme Court; defendant judgment debtor admitting that the facts warrant the allowance of interest from November 1st.

**Costs—Modification of Judgment on Appeal.**

5. Where by inadvertence the judgment entry recited March 1st, instead of November 1st, of a given year as the date from which interest began to run, modification of the judgment entry to correct it does not entitle defendant judgment debtor as a matter of right to his costs and disbursements on appeal.

### ON PETITION FOR REHEARING.

**Appeal and Error—Assignments of Error—Failure to Submit Argument in Brief—Effect.**

6. Where appellant fails to present any argument in brief submitted on some of the alleged assignments of error, they will be deemed to have been abandoned or waived. (Citing *Donohoe* v. *Portland Ry. Co.*, 56 Or. 58, 61 (107 Pac. 964).

From Deschutes: T. E. J. DUFFY, Judge.

In Banc.

This is an action to recover money. Plaintiff, a corporation, alleges in its complaint that between September 1, 1916, and November 1, 1916, it sold to the defendant goods, wares and merchandise "consisting principally of lumber and building materials at the agreed and stipulated value of $145.04," and that this sum is due to the plaintiff, together with interest at the rate of 6 per cent per annum from November 1, 1916. The answer admits the corporate character of the plaintiff and denies the remaining

allegations of the complaint. The jury found for the plaintiff in the sum of $145.04, "together with interest thereon at the rate of 6 per cent from November 1, 1916." When the judgment was entered on the verdict on April 19, 1918, it recited that the plaintiff recover the sum of $145.04 together with interest at 6 per cent per annum from "March 1, 1916." A motion for a new trial was disallowed and the defendant appealed.                                              AFFIRMED.

For appellant there was a brief submitted by *Mr. W. P. Myers.*

For respondent there was a brief submitted over the name of *Mr. E. O. Stadter.*

HARRIS, J.—1. The defendant contends that the court invaded the province of the jury by stating that "proof would not be required to be very extensive." This language was used by the court in the course of the examination of the first witness for the plaintiff and after the witness had been asked but six questions. The witness, who was the president of the plaintiff corporation, testified that the company sold the building materials to the defendant in September or October, 1916; and he was then asked to "state what the circumstance of that sale was and how it came about." The attorney for the defendant objected to the question "unless it is confined to the contract which is alleged in the complaint, the contract for the stipulated and agreed value of $145.04"; and the attorney for the defendant further objected to any testimony "relative to the reasonable value or anything except an agreed and stipulated value as alleged in the complaint." The trial judge overruled

the objection; but before doing so he explained to the attorneys, not to the jury, his views concerning the legal question raised by the objection. The court said to the attorneys:

"The plaintiff will have a right to show a contract, and of course he will be bound by his allegations in the complaint. He can show a contract and show that there is now due and owing $145.04. That would make his case. It would amount almost to a stated account and proof would not be required to be very extensive. I say the proof in this case, if confined to Mr. Myers' suggestion, would amount to a stated account. I take it under the objection you will be entitled to show a contract and to show the amounts due. If that is the nature of the objection, I will overrule the objection."

Thus it is seen that the language, of which the defendant now complains, was used by the trial judge for the purpose of apprising the attorneys of his views of the law and in order to explain the reasons for his ruling. The defendant does not complain of any instruction given or refused by the court. The charge to the jury was a careful and concise, and yet complete, statement of the law governing the jurors in their deliberations. Even though it be assumed that it were better that the words complained of had been unsaid, still, after reading the entire record, we are convinced that they were utterly without effect upon the jury; and we are entirely satisfied that the jury faithfully followed the instructions of the court.

2. The plaintiff alleges that the goods, wares and merchandise were sold at an agreed price. The defendant insists that there is no evidence to sustain the pleading and that the testimony showed, if it evidenced anything, an open and running account, standing "over a period of several months" with

debits and credits and a balance due. A. J. Miller, the president of the plaintiff corporation, was asked to "state what the agreed value was of the material which you sold him"; and he answered thus: "It was $145.04." There was additional evidence in support of the complaint; and there was contradictory testimony. The court defined the meaning of the words "express contract" and explained to the jury that "the contract plaintiff is relying upon in this case is an express contract." The court also told the jury that:

"The burden of proof is upon the plaintiff to prove by a preponderance of the evidence that" it sold materials to the defendant and "that there was an agreement between plaintiff and this defendant" and that "defendant was to pay the plaintiff the sum of $145.04 for such goods, wares and merchandise, or you must find a verdict for the defendant and against the plaintiff."

Again, the court said to the jury:

"The plaintiff cannot recover unless it proves by a preponderance of the evidence that it entered into the particular contract alleged in the complaint and that it had such contract with this particular defendant, George Davis, and at the stipulated and agreed price of $145.04."

The substance of the last quoted instruction was twice repeated to the jury. The jurors were even told that—

"Unless you find that the contract was actually for the sum of $145.04 and no other sum, your verdict must be for the defendant."

The instructions given by the court, if not more favorable to the defendant in some particulars than he could rightfully demand, were at least as favor-

able to him as he could reasonably ask; and hence since there was substantial evidence supporting the contention of the plaintiff, the verdict of the jury must be accepted as a conclusive finding that there was a contract as alleged in the complaint.

3. With each load of material, the plaintiff's yardman made out a memorandum in triplicate showing, among other things, the kind and quantity of material delivered. One copy was "left by the teamster as a rule with the job"; and according to the testimony of A. J. Miller the "two other copies came into our office; one goes in as our permanent record and the other one we price up and mail out as a rule." The plaintiff offered and the court received in evidence nine of these delivery slips, being "the ones that are permanent records in the office." The defendant objected to the introduction of these memorandums on the ground that they were "incompetent, irrelevant and immaterial under the allegations of the complaint," and because "the complaint designates a specific contract for a specific sum" and the memorandums offered in evidence "disclose a different sum." The circuit judge explained his ruling by saying that the slips "are admitted in connection with what plaintiff alleges to be the contract, tending to show, if it does show, that there was a contract between these parties and that is all it is admitted for."

Besides showing the date of delivery and the kind and quantity of material delivered most of the slips were signed by some person "on the job" who by his signature acknowledged receipt of the load delivered. The original slips do not appear in the record which is presented to us, but typewritten copies of the originals were made and are found in the transcript. One of these typewritten copies indicates that the

original was signed by the defendant and the inference is that the defendant himself personally received the load of material represented by that delivery slip; and in this connection we may add that the plaintiff contends in its brief that the delivery slip just referred to shows that the defendant personally received the material. One of the slips purports to be signed by the defendant by an agent. Some of the memorandums purport to be signed by Dick Davis, the alleged contractor, by his agent; and one slip purports to be signed by Dick Davis. In the course of the argument about the admissibility of the memorandums the defendant expressly admitted that the "materials were delivered and went into his building"; and hence if it be assumed that the slips were what they purport to be and that the person signing them had authority so to do, it is plain that while some and possibly all the memorandums may have been subject to objections not presented at the trial, they were nevertheless not rendered inadmissible by the *omnibus* objection specified by the defendant.

4, 5. The defendant contends that the judgment ought to be reversed because it recites the allowance of interest from March 1, 1916, instead of November 1, 1916. This contention of the defendant in effect admits that, if the plaintiff is entitled to recover at all, the facts warrant the allowance of interest from November 1, 1916; and we shall therefore assume that the plaintiff is entitled to interest from the latter date. It is quite manifest that by reason of a pure inadvertence the judgment entry was made to recite "March 1, 1916," instead of November 1, 1916, as the date from which interest began to run. We understand from the record that the attention of the circuit judge was not called to the mistake and that the

94 Or.—33

objection was made for the first time after the appeal
had been perfected. The mistake made in the judg-
ment entry can be corrected here; and this modifica-
tion does not entitle the defendant, as a matter of
right, to his costs and disbursements on appeal. We
think that in all the circumstances and on the author-
ity of *Stabler* v. *Melvin,* 89 Or. 228, 232 (173 Pac. 896),
and *Olson* v. *Heisen,* 90 Or. 176, 181 (175 Pac. 859),
the plaintiff should have its costs and disbursements
in both courts. With this slight modification the judg-
ment is affirmed.                              AFFIRMED.

Rehearing denied December 30, 1919.

PETITION FOR REHEARING.

(185 Pac. 464.)

On petition for rehearing.          DENIED.

*Mr. W. P. Myers,* for the petition.

*Mr. E. O. Stadter, contra.*

HARRIS, J.—The defendant contends that the origi-
nal opinion did not pass upon all the assignments of
error, and for that reason he asks for a rehearing.

6. When the original opinion was written the points
discussed in the briefs were carefully compared with
the exceptions enumerated in the bill of exceptions and
with the assignments of error specified in the printed
abstract. When writing the original opinion it was
our purpose to discuss all the alleged errors referred
to in defendant's briefs; and we thought that we had
discussed all the points noted by the defendant in his
briefs. We have again compared the bill of exceptions

and assignments of error with the briefs and find that we were not mistaken in our belief; for what we said in the original opinion necessarily passes upon every assignment of error which the defendant discussed in his opening and reply briefs. No point argued by the defendant in his briefs remains undecided. Some of the assignments of error are not mentioned at all in the briefs submitted by the defendant. Assignments of error, upon which no argument is presented in the brief of an appellant, are deemed to have been abandoned and waived: *Donohoe* v. *Portland Ry. Co.*, 56 Or. 58, 61 (107 Pac. 964). The petition for a rehearing is denied.      AFFIRMED. REHEARING DENIED.