Argued June 9, affirmed July 6, 1926.

# LOUIS CARLSON *v.* NEW AMSTERDAM CAS-UALTY COMPANY.

### (247 Pac. 804.)

**Appeal and Error.**

1. Jury's determination of issue of fact is conclusive on appellate court.

**Pleading—Allegations as to When Money for Labor Became Due as Basis for Interest Held not Mere Conclusion of Law (§§ 6798, 7988, Or. L.).**

2. Allegation that money became due on certain date as basis for interest allowance under Section 7988, Or. L., supported by statement of time labor was performed and when it terminated, *held* more than mere conclusion of law, in view of Section 6798.

**Appeal and Error.**

3. In action for money due for labor, objection to allowance of interest under Section 7988, Or. L., cannot be taken on appeal, where trial judge was not called on to rule on matter of interest.

**Highways.**

4. Attorney's fee, under Section 6799, Or. L., may be recovered in action for labor against surety on road contractor's bond under facts warranting recovery against principal.

**Master and Servant.**

5. Under Section 6799, Or. L., only instance in which laborer cannot recover attorney's fee in action to collect wages not paid within forty-eight hours of demand is where he voluntarily quits without giving three days' notice.

**Highways.**

6. On abandonment by road contractor, surety taking over job and completing it becomes subject to liability of contractor for reasonable attorney's fee in action for wages.

---

Appeal and Error, 3 C. J., p. 881, n. 21, 4 C. J., p. 843, n. 65.
Master and Servant, 39 C. J., p. 80, n. 85 New, p. 91, n. 99 New, p. 214, n. 79.

---

1. See  2 R. C. L. 193.
2. See 21 R. C. L. 440.
5. See 16 R. C. L. 506.

From Multnomah: ROBERT TUCKER, Judge.

Department 2.

This appeal is from a judgment rendered upon a verdict in favor of plaintiff and against the defendant for the sum of $1,026.88, including 15 months' interest, and for the further sum of $175 as attorney's fee. The action is based upon a contract of employment wherein the plaintiff and his assignors performed work and labor for Albert Anderson & Company, who had a contract to surface units 1 and 2 of the Forest Boundary-Hood section of the Mt. Hood Loop road in Hood River County. During the progress of the work the contractors, Albert Anderson & Company, failed, and the defendant, their surety, by their bond undertook among other things to "promptly pay all laborers, mechanics, sub-contractors and materialmen, * * and all just debts, dues and demands incurred in the performance of such work; * * ." The errors assigned by the defendant on this appeal were all abandoned at the oral argument, and for the first time the right of plaintiff to collect interest and attorney's fee was raised. The circuit judge was not called upon to rule on the question either of interest or attorney's fee. The plaintiff insists that inasmuch as no objection to either interest or attorney's fee was made in the court below, those questions are not properly before this court.

AFFIRMED.

For appellant there was a brief over the names of *Mr. James L. Conley* and *Messrs. Kaste & Rand,* with an oral argument by *Mr. John W. Kaste.*

For respondent there was a brief and oral argument by *Mr. Ernest Cole.*

COSHOW, J.—1-3. Section 7988, Or. L., prescribes among other things "The rate of interest in this state shall be six per centum per annum and no more, and shall be payable in the following cases, to wit: 1. On all moneys after the same becomes due; * * ." The complaint in this case alleges that the money demanded therein became due on a certain date therein · mentioned. This allegation is denied in the answer. There was an issue of fact therefore joined which was determined in favor of the plaintiff by the verdict of the jury. That determination concludes this court. The allegation that the money became due is supported by the statement of the time the labor was performed and when it terminated, and is more than a conclusion of law. It is an allegation of mixed law and fact. Whether it became due or not on the date specified depended upon the contract between the parties and the statute. By the terms of Section 6798, Or. L., the wages earned by plaintiff became due when he was discharged. The abandonment of their contract by his employers was equivalent to plaintiff's discharge. No objection to the testimony in that regard having been taken and the trial judge not having been called upon to rule on the matter of interest, the defendant cannot raise an objection to the allowance of interest in this court.

4. Section 6799, Or. L., prescribes that attorney's fee may be recovered in an action for wages under certain circumstances. We are of the opinion that in an action against the surety company on such a bond as is involved in this case, attorney's fee may be recovered under the same state of facts they could be recovered against the principal. The allowance of attorney's fee is incidental to the recovery

of wages. It is a part of the general law of the land which is written into every bond given for the purpose of securing wages earned under public contract. The surety, therefore, is liable to the same extent as the principal where the laborer is compelled to sue on a bond in order to recover his wages. Such is the intent and purpose of requiring the undertaking. Inasmuch as the judgment appealed from is such a judgment as the law authorizes, and the complaint is sufficiently comprehensive to support the judgment, this court cannot entertain the objections thereto submitted at the oral argument: *Ferrari* v. *Beaver Hill Coal Co.,* 54 Or. 210, 222, 223 (94 Pac. 181, 95 Pac. 498, 102 Pac. 175, 1016); *State* v. *Kelly et al., ante,* p. 397 (247 Pac. 146), decided June 22, 1926.

5, 6. The case of *Olson* v. *Heisen,* 90 Or. 176 (175 Pac. 859), is not applicable. Since that case was decided the statute (Section 6799, Or. L.), has been amended. The only instance in which a laborer cannot recover attorney's fees in an action to collect his wages not paid within 48 hours after demand is where he *voluntarily* quits without giving three days' notice. When the contractors abandoned their contract their surety, the defendant, took over the job and completed it. The defendant thereby became entitled to all the rights of the contractors and subject to all their liabilities. One of the liabilities of the contractors was a reasonable attorney's fee in an action for wages: *Suetter* v. *Cornwall et al.,* 102 Or. 220, 231 (201 Pac. 1072). The judgment is affirmed.

AFFIRMED.

BEAN, BROWN and BELT, JJ., concur.