Submitted on briefs, September 28, affirmed October 19, 1926.

## ALBERT NIRSCHL v. ANDREW NIRSCHL.

(249 Pac. 1099.)

**Appeal and Error—Finding of Court Sitting Without Jury, When Supported by Relevant and Competent Testimony, cannot be Disturbed (§§ 158, 159, Or. L.).**

1. Finding of court sitting without jury, when supported by relevant and competent testimony, cannot be disturbed, though opposed by other equally competent evidence, in view of Sections 158, 159, Or. L.

**Master and Servant.**

2. Employee, suing for wages after remaining on job till its completion and after statutory demand, *held* entitled to attorney's fees without having given three-day notice to quit (Laws of 1907, c. 163, § 3, as amended by § 6799, Or. L.).

Appeal and Error, 4 C. J., p. 876, n. 78.
Master and Servant, 39 C. J., p. 214, n. 79, 80, 80 New.

From Deschutes: T. E. J. Duffy, Judge.

In Banc.

The plaintiff brought an action for the recovery of wages alleged to be due and owing him for labor performed for defendant in and about the operation of a threshing-machine at defendant's special instance and request. The complaint states two causes of action, but this appeal involves the first only. Among other things, the plaintiff avers that he performed eighty-two days' labor for defendant, at the agreed wage of $5 per day; that for the services so performed there is due, owing and unpaid from defendant to plaintiff the sum of $410; that demand for payment thereof was duly made more than forty-eight hours prior to the institution of the action; and that $100 is a reasonable attorney's fee for the prosecution of

---

1. See 2 R. C. L. 206.

this cause. The defendant answered by filing a general demurrer, which was overruled. The issues as formed were tried by the court without a jury, and plaintiff recovered judgment for $410, with interest, and for attorney's fees in the sum of $100, together with costs and disbursements. The defendant appeals.                                        AFFIRMED.

For appellant there was a brief over the names of *Mr. George A. Hall* and *Mr. E. W. Eastman.*

For respondent there was a brief over the name of *Mr. E. O. Stadter.*

BROWN, J.—1. The defendant presents a persuasive, if not a convincing, argument in contrariety of the findings made by the trial court. But, when considered in the light of well-established principles of law, his argument can be of no avail. Every material finding of fact made and filed by the trial court is supported by relevant and competent testimony. Therefore, such findings of fact, having the force of a verdict by jury, cannot be disturbed, although opposed by other evidence equally competent. The law cannot yield to an argument, however pathetic and forceful. Neither does the fact that the action is prosecuted by son against father annul legal principles. In trials by the court without a jury, the following Code provisions control:

"Upon the trial of an issue of fact by the court, its decision shall be given in writing, and filed with the clerk * * . The decision shall state the facts found, and the conclusions of law separately * * . Such decision shall be entered in the journal, and judgment entered thereon accordingly * * ." Or. L., § 158.

"The order of proceedings on a trial by the court shall be the same as provided in trials by jury. The finding of the court upon the facts shall be deemed a verdict, and may be set aside in the same manner and for the same reason, as far as applicable, and a new trial granted." Or. L., § 159.

2. The defendant contends that the court erred in allowing plaintiff his attorney's fees. However, he concedes that $100 is a reasonable sum to be awarded as attorney's fees if any sum should be adjudged for such purpose. He grounds his contention upon the proviso contained in Section 3 of Chapter 163, Laws of Oregon, 1907, as construed by this court in *Olson* v. *Heisen,* 90 Or. 176 (175 Pac. 859), wherein it was held that a discharged employee was not entitled to recover reasonable attorney's fees for the reason that such recovery was barred by the language of the proviso requiring three days' notice of his intention to quit the employment. He ignores the fact that the portion of the statute involved in that decision was later amended by our Legislative Assembly. See Laws of Oregon, 1919, Chapter 54, codified as Section 6799, Or. L. Among other things, that section provides for the allowance of attorney's fees in the prosecution of an action to recover wages for labor, unless the employee has wilfully violated his contract of employment, and that in case the employee voluntarily quits his employment, he shall give not less than three days' notice of his intention to quit such employment. However, it is not claimed that the plaintiff violated his contract of employment, or that he voluntarily quit such employment. Manifestly, the statute does not require the specified three days' notice of intention to quit the employment when the employee remains on the job until its completion. The plaintiff

was entitled to recover his attorney's fees in accordance with the findings of the court.

This case will be affirmed.          Affirmed.

Rand, J., took no part in this decision.