Argued September 20, affirmed October 11, rehearing denied and former opinion modified November 15, costs disallowed December 20, 1927, rehearing denied January 10, 1928.

# JOE OBERMEIER v. MORTGAGE COMPANY HOLLAND–AMERICA ET AL.

(259 Pac. 1064; 260 Pac. 1099; 262 Pac. 261.)

Appeal and Error—Jury's Finding of Lessor's Fraud in Inducing Lessee to Sign Release of Liability for Lessor's Nondelivery of Possession was Conclusive on Appeal (Const., Art. VII, § 3c).

1. Where in an action by a farm lessee for damages because of the lessor's failure to deliver possession under the terms of the lease, the jury found that an instrument signed by the lessee purporting to release the lessor from all liability for failure to give possession was signed by the lessee because of fraudulent representations made to him by the lessor, jury's finding, in view of Constitution, Article VII, Section 3c, was conclusive on appeal.

Landlord and Tenant—In Lessee's Action for Nondelivery of Possession, Release was No Defense Where Lessor had Fraudulently Procured Lessee's Signature Thereto.

2. Where in a suit by lessee against the lessor for failure to give possession of the leased property according to the contract lessor defended upon the ground of lessee's having signed a release of liability against lessor, the fact that lessee's signature to such release had been fraudulently procured by the lessor rendered the instrument no defense to the action.

Appeal and Error—In Lessee's Action for Nondelivery of Possession, Lessor Could not Admit Lease at Trial and Deny It on Appeal.

3. In an action by a lessee of property against the lessor thereof for nondelivery of possession as required by the contract, lessor could not in the trial court admit the existence of a binding lease and deny its existence upon appeal.

Landlord and Tenant—In Lessee's Action for Nondelivery of Possession, Whether Defendant, Leasing in Own Name, so Disclosed His Agency as to Make Principal Alone Liable Held for Jury.

4. In an action of a lessee of property for nondelivery of possession, where it was shown that the person with whom the lessee had negotiated the contract was not the owner of the property involved, whether such defendant leasing in his own name so disclosed the fact of his agency as to relieve himself from liability on the lease and make his principal alone liable therefor was for the jury.

1. See 2 R. C. L. 193.
3. See 2 R. C. L. 79, 183.

**Dismissal and Nonsuit—Hearing Lessee's Damage Action for Non-delivery of Possession Without Consideration of Cross-bill Held Equivalent to Dismissal of Latter.**

5. Where in lessee's damage action for nondelivery of possession defendant filed a cross-bill in equity, but the cause proceeded as an action at law regardless of the cross-bill, such procedure had the legal effect of a denial of defendant's right to be heard in equity even though no formal decree was entered dismissing the cross-bill.

**Action—Distinction Between Actions at Law and Suits in Equity Subsist in Oregon.**

6. The distinctions between actions at law and suits in equity still subsist in Oregon.

**Appeal and Error—General Objection was Insufficient to Reserve for Review Question of Introduction of Evidence as to Payment of Money, Where Evidence Admissible as to One Defendant.**

7. Where in lessee's action against his lessor, latter's assignee and another, certain evidence relative to payment of money was admissible as to one defendant but not as to another, a general objection thereto was not sufficient to reserve the question of introduction of such evidence for review.

**Judgment—In Lessee's Action for Nondelivery of Possession Against Lessor and Others, Effect of Finding and Judgment Against Only One Defendant was to Hold Others not Liable.**

8. Where a lessee brought action against his lessor and others for nondelivery of possession of leased property, the effect in finding for plaintiff of verdict and judgment not specifically naming the defendants other than the lessor was an adjudication that such defendants not named were not liable to plaintiff.

## ON PETITION FOR REHEARING.

**Landlord and Tenant—Award of Interest, not Demanded in Complaint, from Date of Execution of Lease, Held Erroneous in Action for Damages for Lessor's Failure to Deliver Possession.**

9. Interest after breach of contract, being recoverable only as damages, court erred in awarding lessee interest, not demanded in complaint, from date of execution of lease, in action for damages for lessor's failure to deliver possession.

**Costs—Modification of Judgment for Plaintiff by Eliminating Substantial Part of Interest Entitles Defendants to Costs in Supreme Court.**

10. Modification of judgment for lessee by eliminating substantial interest from time of execution of lease to date of entry of judgment, in lessee's action for damages for lessor's breach of contract in failing to deliver possession under lease, entitles defendants to costs and disbursements in Supreme Court; they having prevailed to extent of substantially reducing judgment appealed from.

---

9. See 15 R. C. L. 7, 28.

## ON MOTION TO RETAX COSTS.

**Costs—Where There has Been Modification on Appeal, Taxing of Costs and Disbursements Rests Within Discretion of Supreme Court (Const., Art. VII, § 3c).**

11. Supreme Court is given power, under Constitution, Article VII, Section 3c, where there has been modification on appeal, to award costs on equitable principles and to give or deny costs to either party.

Actions, 1 C. J., p. 1047, n. 97.
Agency, 2 C. J., p. 812, n. 92.
Appeal and Error, 3 C. J., p. 718, n. 50, p. 819, n. 26, p. 823, n. 31, p. 865, n. 50.  4 C. J., p. 662, n. 82, p. 853, n. 58, p. 1093, n. 77, p. 1110, n. 78, p. 1158, n. 20, p. 1159, n. 29, 32.
Contracts, 13 C. J., p. 394, n. 13.
Costs, 15 C. J., p. 251, n. 58, 69.
Damages, 17 C. J., p. 813, n. 22, 23, p. 919, n. 5, p. 1020, n. 14.
Evidence, 22 C. J., p. 1177, n. 49.
Interest, 33 C. J., p. 257, n. 10.
Release, 34 Cyc., p. 1064, n. 51.

From Multnomah: D. R. Parker, Judge.

Department 1.

Affirmed.

For appellants there was a brief over the name of *Mr. John Van Zante,* with an oral argument by *Mr. Albert H. Tanner.*

For respondent there was a brief over the name of *Mr. Howard T. McColloch,* with an oral argument by *Mr. C. M. Idleman.*

BELT, J.—This is an action by plaintiff, as lessee, to recover damages from a lessor for failure to deliver possession of a certain farm in Washington County, under the terms of a written lease.  It is the third time that the case has been here on appeal.

The first trial resulted in a verdict of $2,500 in favor of plaintiff, but the judgment was reversed on

appeal and the cause remanded for a new trial: 98 Or. 195 (192 Pac. 283, 193 Pac. 915).

On the second trial, after certain amendment of the pleadings, the cause was submitted to a jury and a verdict rendered in favor of defendants. On motion of the plaintiff, the trial court set aside this verdict and granted a new trial. Defendants appealed from this order, but the action of the lower court in setting aside the verdict was sustained and the cause remanded for another trial: 111 Or. 14 (224 Pac. 1089).

On the third trial, the defendants filed a cross-bill in equity .but, after demurrer was sustained thereto, answered and the cause proceeded as an action at law, the trial court being of the opinion that the facts pleaded by defendants did not warrant the interposition of equity. On this trial a verdict was returned in favor of plaintiff, against the Mortgage Company Holland-America, a corporation, in the sum of $1,400, but no reference therein was made to the other defendants. The mortgage company and Van Zante appeal.

This controversy arose as follows: On November 13, 1917, defendant Van Zante, as agent and attorney in fact for the Mortgage Company Holland-America, a corporation, entered into a written agreement with plaintiff leasing a farm to him for a period of three years, commencing November 30, 1917. The stipulated rental for the entire term was $2,900, $1,500 of which sum was paid upon execution of the lease. This was remitted by Van Zante to his principal, the Mortgage Company Holland-America.

It is necessary at this juncture to state that, prior to the execution of the lease, the mortgage company

foreclosed its mortgage on the land in question. Upon execution sale, the property was bid in by Van Zante and a certificate of sale was issued to him in his name, although from the evidence it appears without contradiction that he held the title as trustee. The lease was made by Van Zante after the execution sale, but before time for equity of redemption had expired. This, however, is really immaterial in view of the fact that the mortgagor consented to the lease.

Plaintiff undertook to take possession of the farm leased by him but found it occupied by a man named Rowe, who was holding over under the terms of a lease which expired November 1, 1917. The plaintiff was unable to secure possession and notified Van Zante to that effect. Numerous attempts were made to get Rowe and his family off of the farm, but without success until ousted February 24, 1918, through a forcible entry and detainer action instituted by the defendant Esther Mattison, who had purchased the property, subject to plaintiff's lease, from Van Zante, as agent of the mortgage company.

On January 11, 1918, while the controversy relative to the removal of Rowe was pending and after the defendant Mattison had obtained title, a new lease was executed by and between the plaintiff and the defendant Mattison, It is apparent that the parties intended to adopt the provisions of the old lease with certain modifications relative to the rights of the tenant in the event of the sale of the property. The new lease, referred to in the record as Exhibit "B," upon which the present controversy centers, recites:

"It is further understood and agreed that as a full and complete settlement of any delay in obtain-

ing possession of said premises, and as full settlement of any controversy that might grow out of said matters between said lessee and John Van Zante, or the lessor named herein, the said lessee accepts the sum of $100 in cash upon the signing of this modification of the lease, the receipt whereof is hereby acknowledged."

Plaintiff alleges that he was induced to execute this lease by reason of false and fraudulent representations of defendants that "said premises were unoccupied excepting by themselves and that the plaintiff could at once enter upon the possession thereof."

Defendants deny the charge of fraud and assert that plaintiff was not misled or deceived, as he knew, at the time of the execution of the lease, that the premises were still occupied and in all probability would be for two or three days thereafter. For a more complete recital of the issues under the pleadings, reference is made to the former opinions of this court. It is believed that the statement here given is sufficient for consideration of the legal questions involved.

It is to be remembered that judgment was entered only against the defendant Mortgage Company Holland-America. The record does not disclose any reason for appeal by Van Zante as no judgment was entered against him. In determining whether this cause should again be reversed, the court will consider the various assignments of error as affecting the rights of the mortgage company.

As stated in the former opinion on rehearing by Mr. Justice BURNETT:

"The language releasing Van Zante is plain. There are no ambiguities in it to explain, and unless

fraud is properly alleged and proved, the release must stand as stated in this action at law.''

It is plain that the mortgage company could not be liable for failure to deliver possession of the property to plaintiff if the new lease is not vitiated by fraud. If the instrument is what it purports to be, plaintiff had entered into contractual relations with a new landlord. If the lease was procured through fraud, then the mortgage company's liability, if any, must be predicated upon the old lease.

1, 2. Relative to the issue of fraud, plaintiff testified that he signed the lease, Exhibit ''B,'' because Van Zante had told him that ''the place was vacant and all I had to do was to move out there.'' The great preponderance of the evidence, however, is, in our opinion, that Van Zante never made this statement, but that, in the presence of plaintiff and others, he talked to Rowe on the telephone about vacating the farm and repeated, in plaintiff's hearing, that Rowe would get off in two or three days. As much as we disbelieve this charge of fraud against Van Zante, who is an attorney of good repute and long standing at the bar, we are not permitted to substitute our judgment on questions of fact for that of the jury. Article VII, Section 3c, of the Constitution of Oregon forbids. There was evidence to submit to the jury on this phase of the case and its finding in reference thereto is conclusive. The jury having found that plaintiff was induced to execute the lease designated as Exhibit ''B'' by reason of fraudulent representations, such cannot be relied upon by the mortgage company as a release of liability.

3, 4. We now direct our attention to the original lease. It is contended by the mortgage company that there is no competent evidence of Van Zante's authority to execute this instrument. It relies upon Section 808 (subdivision 7), Or. L. (Statutes of Frauds), which provides that the authority of an agent to make contracts relating to real property must be in writing and that the agreement is void unless it be in writing and subscribed by the party to be charged or by his lawfully authorized agent. It is argued that, since there was no proof of written authority authorizing Van Zante to execute this lease, it is absolutely void as against the mortgage company. This theory is inconsistent with the position of the company as declared by its answer and by its attitude during the course of the trial. In the answer of the company it is alleged: "that in making said lease defendant John Van Zante was acting for the aforesaid mortgage company as its agent, attorney in fact and trustee." The trial court made inquiry as to the purpose for which a certain receipt was offered in evidence and was told by counsel for the mortgage company that it was "to show the principal was disclosed at that time; that he (plaintiff) knew the mortgage company was the principal in this matter." Indeed, there was no serious dispute about Van Zante's being the agent of the mortgage company, as it accepted from him the initial payment of $1,500 on the lease. It will not do to try the case upon one theory in the lower court and take an entirely different position here. This is a court of review. All of this is aside from the question as to whether the statute of frauds has any application.

There is evidence tending to show that, at the time of the execution of the original lease, Van Zante disclosed to the plaintiff that, although the lease was made in his name, he was acting as agent for the mortgage company. In the opinion by Mr. Justice BENSON in this case, 98 Or. 195, it was held that an agent, who leases land and who discloses to the lessee the existence of such agency, cannot be held liable for failure to put the lessee in possession and that the party injured must look to the principal. This principle was also announced in *Frank* v. *Woodcock,* 72 Or. 446 (143 Pac. 1105). Since there was evidence of a disclosure of agency there is legal basis for the finding of the jury relieving Van Zante from liability and holding his principal, the mortgage company, to account.

5, 6. It is urged that the court erred in sustaining the demurrer to the cross-bill in equity. An examination of the pleading does not convince us that the facts alleged constitute ground for equitable relief. This question was presented in *Gellert* v. *Bank of California Nat. Assn.,* 107 Or. 162 (214 Pac. 377). It was there said:

"An appeal from a decree of dismissal rendered in the suit in equity would not have enabled the appellate court to review a judgment entered in the action at law; nor would an appeal from a judgment entered in the action at law have permitted the appellate court to review a decree of dismissal entered in the suit in equity."

It is true that no formal decree was entered dismissing the cross-bill but the cause proceeded as an action at law and this had the legal effect of a denial of defendants' right to be heard in equity.

The distinction between actions at law and suits in equity still subsists in this jurisdiction.

7. Error is predicated in permitting plaintiff, in response to the question: "In regard to this one hundred dollars set out in the complaint here, what was that for?" to answer, "It was paid up until we drawed up that second agreement." The examination thus continued:

"Q. For anything before that time? A. Yes, sir.
"Q. With regard to damages for what? A. For being kept out."

Defendants insist that this allowed the witness to give his interpretation of a written contract which was plain and unambiguous in its terms. We agree, as stated in our former opinion, that the contract was plain in its terms as affecting the rights of Van Zante and the mortgage company and was not susceptible of explanation, but such cannot be said concerning it relative to the rights of the defendant Mattison. We think it was not the intention of plaintiff to relieve his new lessor of liability for failure to deliver possession of the premises to him after the execution of the new lease. When she purchased the property from Van Zante as trustee for the mortgage company, credit for $1,500, the amount paid when the lease was executed, was given to her upon the purchase price. Certainly, plaintiff did not intend to permit the keeping of this initial payment and be deprived of the right to the use of the property which he had leased. The evidence was admissible as affecting the right of the defendant Mattison, but should not have been received as against Van Zante or the mortgage company. However, defendants did not properly reserve this question for re-

view.  As stated by Mr. Justice BEAN in *Bingham* v. *Lipman,* 40 Or. 363 (67 Pac. 98):

"If irrelevant or incompetent as to the other defendants, the remedy was by a request for an instruction from the court limiting its operation to the defendant Wolfe alone: * * ."

In other words, if the evidence be admissible for any purpose, a general objection will not suffice.

Defendants complain because of exclusion of the testimony of Herbert W. Rowe and Sarah Rowe given upon former trial, notwithstanding there was proof that the witnesses were absent from the state. This question was considered on the second appeal and decided adversely to the contention here made by appellants.  What was said there by Mr. Justice BEAN was no doubt relied upon in the court below in sustaining the objection to the admission of this evidence and such ruling will not be disturbed.  It is the law of the case.

8. The former verdict is challenged by reason of the failure to include therein other defendants. There was no basis for liability against the defendant Mattison, if Exhibit "B" be eliminated on account of fraud.  Neither could the defendant Van Zante be held to account if, at the time of the execution of the original lease, he disclosed to the plaintiff that he was acting only in the capacity of an agent and trustee for the mortgage company.  The effect of the verdict returned and the judgment entered thereon was an adjudication that defendants Mattison and Van Zante were not liable although not specifically named in the verdict.  If, at the time of the reception of this verdict, defendants had objected to its form, the jury would, no doubt, have been in-

structed to use another form of verdict more specific in its findings as to the defendants found liable.

Other assignments of error have been considered but we see no reason again to reverse this case which has worked its long and tedious way through the courts for many years.

The judgment of the lower court is affirmed.

AFFIRMED.

RAND, C. J., and McBRIDE and COSHOW, JJ., concur.

---

Rehearing denied and former opinion modified November 15, 1927.

## ON PETITION FOR REHEARING.

(260 Pac. 1099.)

For appellants, *Mr. John Van Zante* and *Mr. Albert H. Tanner.*

For respondent, *Mr. C. M. Idleman* and *Mr. Howard T. McColloch.*

BELT, J.—9. Appellants, in a petition for rehearing, urge that the Circuit Court erroneously included in the judgment interest for $1,400 from November 13, 1917, the date of the execution of the lease. It is contended that plaintiff is entitled to interest only from the date of the entry of the judgment on November 24, 1924. Plaintiff did not demand interest in the complaint and the jury did not include it in its verdict. It is to be borne in mind that this is an action to recover damages for the breach of a contract. It is so denominated in the complaint and in the brief of counsel for respondent. If ·plaintiff in any event is entitled to interest it is by reason of

the fact that it is a part of the damages sustained. The jury found that the plaintiff was damaged in the sum of $1,400. It was unquestionably error for the trial court to increase the amount of damages by awarding plaintiff interest from the date of the execution of the lease. As stated in *Ferguson* v. *Reiger,* 43 Or. 505 (73 Pac. 1040):

"If the recovery of money or damages be demanded, the amount thereof shall be stated, and, as interest after the breach of a contract is recoverable only as damages (*Seton* v. *Hoyt,* 34 Or. 266 (55 Pac. 967, 75 Am. St. Rep. 641, 43 L. R. A. 634); *Close* v. *Riddle,* 40 Or. 592 (67 Pac. 932, 91 Am. St. Rep. 580 and note), the failure to demand the same in the complaint rendered the judgment therefor erroneous."

Also see Sutherland on Damages (4 ed.), § 387.

10. Interest on $1,400 at the legal rate for a period of seven years from the time of the execution of the lease to the date when the judgment was entered amounts approximately to $588. It is clear that the judgment should be modified by eliminating interest to date of entry of judgment. This modification entitles defendants to costs and disbursements in this court: *Propst* v. *Wm. Hanley Co.,* 94 Or. 397 (185 Pac. 766); *Parks* v. *Smith,* 95 Or. 306 (186 Pac. 554). They were obliged to appeal from an erroneous judgment and have prevailed here to the extent of substantially reducing the judgment entered by the Circuit Court.

Judgment is herewith rendered in favor of plaintiff against the defendant Mortgage Company Holland-America, a corporation, for the sum of $1,400,

together with interest thereon at the legal rate from the date of the entry of judgment in the lower court.

Modified.

Rand, C. J., and McBride and Coshow, JJ., concur.

---

Costs disallowed either party December 20, 1927.

On Motion to Retax Costs.

(262 Pac. 261.)

For appellants, *Mr. John Van Zante* and *Mr. Albert H. Tanner.*

For respondent, *Mr. C. M. Idleman* and *Mr. Howard T. McColloch.*

BELT, J.—11. On petition for rehearing, the judgment in this cause was modified by eliminating interest to the date the judgment was entered. It was held on the authority of *Propst* v. *Wm. Hanley Co.,* 94 Or. 397 (185 Pac. 766), and *Parks* v. *Smith,* 95 Or. 306 (186 Pac. 554), that

"This modification entitles defendants to costs and disbursements in this court."

Notwithstanding this ruling, plaintiff has filed a cost bill, aggregating $512.72, covering costs and disbursements in the three trials in the Circuit Court and in the three appeals to this court. Defendants filed cost bill, amounting to $170.10, for costs and disbursements in this court on the last appeal. After reviewing the history of this litigation where first one and the other has prevailed, we have concluded that

it would be more equitable and just that each party should pay its own costs and disbursements.

There is much confusion in the decisions of this state on the question of costs where there has been, on appeal, a modification of a judgment in an action at law. In *Lemler* v. *Bord,* 80 Or. 230 (156 Pac. 1034), the court said:

"It is taught in Section 565, L. O. L., that costs in the Supreme Court on appeal are allowed to the prevailing party. The issue in this court depends upon whether or not there was error in the judgment of the circuit court. · The defendant-appellant here affirmed the proposition while the plaintiff-respondent took the negative. The result of the decision here was that the defendant prevailed, having succeeded in establishing the existence of error. To accomplish this he was obliged to appeal and, having maintained his contention, is entitled to costs and disbursements." Citing *Gardner* v. *Kinney,* 60 Or. 292 (117 Pac. 971).

This rule was also adhered to in *Propst* v. *Wm. Hanley Co., supra.*

Section 3c of Article VII of the Constitution of Oregon, as amended in 1911, provides:

"If the Supreme Court shall be of the opinion, after consideration of all the matters thus submitted, that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial; or if, in any respect, the judgment appealed from should be changed, and the Supreme Court shall be of opinion that it can determine what judgment should have been entered in the court below, it shall direct such judgment to be entered in the same manner and with like effect as decrees are now entered in equity cases on appeal to the Supreme Court; * * ."

This court, in *Stabler* v. *Melvin,* 89 Or. 226 (173 Pac. 896), in construing the above provision, said:

"It is our opinion that the power given to this court under this section to enter a judgment upon the record carries with it the power to award costs on equitable principles, and to give or deny costs to either party on appeal."

In *Dippold* v. *Cathlamet Timber Co.,* 98 Or. 183 (193 Pac. 909), it is said:

"In an action at law it is a rule that the prevailing party is entitled to recover costs and disbursements, but the rule has its exceptions as the following precedents bear witness: *Stabler* v. *Melvin,* 89 Or. 226 (173 Pac. 896); *Olson* v. *Heisen,* 90 Or. 176 (175 Pac. 859); *Miller Lum. Co.* v. *Davis,* 94 Or. 507 (185 Pac. 462, 464, 1107); *Levine* v. *Levine,* 95 Or. 94 (187 Pac. 609). The court is of the opinion that, under the circumstances as they exist in this cause, it is not fair, right or just to exact costs and disbursements from respondents. Therefore it is adjudged that neither party have judgment for costs and disbursements in this court."

We think that justice may be best administered by adhering to the rule as announced in *Stabler* v. *Melvin, supra,* that, where there has been modification on appeal, the taxing of costs and disbursements is a matter resting within the discretion of the court.

Defendants' cost bill will be stricken and the plaintiff's motion to allow costs, as above stated, will be denied. Neither party will recover costs and disbursements.

COSTS DISALLOWED.  REHEARING DENIED.

RAND, C. J., and COSHOW and McBRIDE, JJ., concur.